**David GERBIER, Appellant**

v.

**M. Francis HOLMES, Acting District Director, U.S. Immigration and Naturalization Service; John Ashcroft, U.S. Attorney General.***

No. 00–2335.

United States Court of Appeals,
Third Circuit.

Argued: June 28, 2001.

Filed: Feb. 8, 2002.

* Substituted for Janet Reno pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Sandra L. Green (Argued), York, PA, Counsel for Appellant.

Patrick L. Meehan, United States Attorney, James G. Sheehan, Assistant United States Attorney Chief, Civil Division, Stephen J. Britt (Argued), Assistant United States Attorney, Philadelphia, PA, Counsel for Appellees.

Before: BECKER, Chief Judge, NYGAARD and REAVLEY,* Circuit Judges.

## OPINION OF THE COURT

BECKER, Chief Judge.

This deportation case is before us on the appeal of David Gerbier from an order of the District Court for the Eastern District of Pennsylvania, which denied his petition for a writ of habeas corpus. Gerbier is a citizen of Haiti who was a lawful permanent resident of the United States from 1984 until 1999 when he was removed to Haiti in the wake of proceedings triggered

by a Delaware felony drug possession conviction that came to the attention of the Immigration and Naturalization Service ("INS").

The appeal turns on the meaning of "aggravated felony" under the Immigration and Naturalization Act ("INA"). *See* 8 U.S.C. § 1 *et seq.* (1999). Whether an alien has been convicted of an "aggravated felony" determines whether he is eligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3) (1999). The primary question, one of first impression for us, is whether a state felony drug conviction constitutes a "drug trafficking crime" and, therefore, an "aggravated felony" under the INA when that crime would only be punishable as a misdemeanor under federal law. This issue turns on the proper interpretation of 18 U.S.C. § 924(c)(2), which is the criminal penalties section of the federal criminal code and is incorporated by reference into the INA. *See* 8 U.S.C. § 1101(a)(43)(B) (1999).

Gerbier's conviction was for "trafficking in cocaine" even though the factual basis for the plea was mere possession, which the Delaware statute subsumes under "trafficking." While there is no dispute that a state felony drug conviction constitutes an "aggravated felony" when there is a trafficking component to the state conviction, we note that there is a conflict between the Board of Immigration Appeals ("BIA") and several Courts of Appeals with respect to the proper interpretation of § 924(c)(2) as it applies to state convictions when there is no trafficking element. This conflict arose because the "aggravated felony" definition set forth in § 1101(a)(43), incorporating § 924(c)(2), is referenced not only in the deportation sec-

---

* Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth Circuit, sitting by designation.

tion of the INA, but also in the United States Sentencing Guidelines.

The BIA has interpreted § 924(c)(2) to require that, for deportation purposes, a state drug conviction, whether it be a felony or a misdemeanor, must either contain a "trafficking" component *or be punishable as a felony under federal law* in order for it to constitute an "aggravated felony." In contrast, several Courts of Appeals have interpreted the same language in § 924(c)(2), albeit in the Sentencing Guidelines context, to require that the state drug conviction need only be a felony under state law and that the state crime be punishable under the federal Controlled Substances Act, *either as a felony or a misdemeanor.* We are faced here with the task of determining which interpretation of § 924(c)(2) is correct.

While we acknowledge that the majority of Courts of Appeals have taken the contrary approach, we conclude that the BIA's interpretation for deportation purposes is the correct one. We recognize that the interpretation of § 924(c)(2) in the Sentencing Guidelines context serves different purposes, particularly with respect to criminal recidivism, and we reserve for another day the proper interpretation of § 924(c)(2) in the Sentencing Guidelines context. For deportation purposes, however, we are persuaded by precepts of statutory construction and by the legislative history of § 924 that a state felony drug conviction constitutes a "drug trafficking crime" only if it would be punishable as a felony under the federal Controlled Substances Act. We believe that this conclusion properly reflects the policy favoring uniformity in construction of the INA because it subjects aliens to the same treatment regardless of how different states might categorize similar drug crimes. However, we reject the approach advanced by Gerbier that *all* state drug convictions must have a trading or dealing element in order to constitute "aggravated felonies" under the INA. Gerbier's argument stems from his belief that the 1990 amendments to the INA altered the definition of which drug crimes were "aggravated felonies." While we find strong intuitive appeal in Gerbier's argument, we believe that the legislative history accompanying the 1990 amendments to the INA makes clear that his interpretation is not correct.

Under the BIA's approach, a state drug conviction constitutes an "aggravated felony" under either of two routes. Under the first route, a felony state drug conviction is an "aggravated felony" under § 924(c)(2) if it contains a trafficking element. Under the second route, a state drug conviction, either a felony or a misdemeanor, is an "aggravated felony" if it would be punishable as a felony under the Controlled Substances Act. Applying the BIA's interpretation of § 1101(a)(43)(B) to Gerbier's state felony drug conviction, we conclude that he has not been convicted of an "aggravated felony." Gerbier's conviction does not fall within the first route; although his conviction was a felony under state law (thereby satisfying the INS's interpretation), his conviction did not involve a trafficking element. We reject the INS's argument that Gerbier's conviction under a statute entitled "Trafficking . . . in illegal drugs" means that he is guilty of a trafficking offense. As the Delaware Supreme Court has made clear, the statute under which Gerbier was convicted does not contain an element or presumption of trafficking—it is merely the title of the act. *See Traylor v. State*, 458 A.2d 1170 (Del. 1983). In this case, Gerbier pleaded guilty to the lesser-included offense of possession, and hence there is no trafficking element.

Gerbier's conviction also does not qualify as an "aggravated felony" under the second route because his offense would not be punishable as a felony under federal law. We reject the INS's contention that 21 U.S.C. §§ 802(13) and (44) are the proper federal analogs. Those sections do not define substantive offenses under Chapter 13 of Title 21; rather, they merely define "felony" and "felony drug offense" for purposes of prior criminal history sentencing enhancements for Chapter 13's substantive drug offenses. Instead, we conclude that the proper federal analog is 21 U.S.C. § 844(a), the federal simple possession statute. Under this statute, the maximum sentence that Gerbier would have received had he been prosecuted in federal court would have been one year. Thus, his state felony drug conviction is only punishable as a misdemeanor under federal law.

While we acknowledge that there is a sentence enhancement under § 844(a) if there is a prior drug conviction under either state or federal law, we conclude that our decision in *Steele v. Blackman*, 236 F.3d 130 (3d Cir.2001), forecloses the INS's argument that Gerbier would have faced a minimum two year sentence under § 844(a) because of his prior misdemeanor drug conviction for marijuana. We held in *Steele* that a prior conviction cannot be used to enhance a sentence for purposes of determining whether the alien has been convicted of an "aggravated felony" when his prior conviction was never litigated as part of the criminal proceeding in the crime for which the alien is being deported. It was not so litigated here.

Having concluded that a state felony drug conviction without a trafficking element constitutes an "aggravated felony" under the INA only when that same crime would be punished as a felony were the alien prosecuted in federal court, and that Gerbier's conviction would have only been punishable as a misdemeanor under federal law, we will reverse the District Court's order denying habeas corpus relief, and remand with instructions that it grant the writ and return this matter to the agency so that Gerbier may submit an application for cancellation of removal in accordance with 8 U.S.C. § 1229b(a).

## I. Facts and Procedural History

Gerbier, as noted, is a Haitian national who has been a lawful U.S. permanent resident since 1984, resided in Philadelphia, and has worked in a factory, a restaurant, and a car wash. Gerbier's mother, two brothers, and two children reside in the United States. His children are United States citizens. On May 1, 1996, Gerbier was arrested in Wilmington, Delaware for possession of marijuana and, on February 6, 1997, pleaded guilty to the charge of possession of marijuana, in violation of Del.Code Ann. tit. 16, § 4754. He was placed on probation for three years, his driver's license was revoked, and he was ordered to pay $25.00 in court costs.

A year later, on June 21, 1997, Gerbier was arrested, again in Wilmington, and charged with trafficking in 160.22 grams of cocaine base, also known as "crack." The grand jury in New Castle County returned a two-count indictment against Gerbier in July 1997. The first count alleged knowing possession of cocaine in excess of 100 grams, in violation of Del.Code Ann. tit. 16, § 4716(b)(4). The second count alleged possession with intent to deliver cocaine, in violation of Del.Code Ann. tit. 16, § 4751. In August 1997, Gerbier pleaded guilty to the lesser included offense of "trafficking in cocaine," in violation of Del.Code Ann. tit. 16, § 4753A(2)(a). Section 4753A(2)(a), labeled "Trafficking in marijuana, cocaine, illegal drugs, methamphetamines, L.S.D., or designer drugs," states in relevant part:

Any person who, on any single occasion, knowingly sells, manufactures, delivers or brings into this State, or who is knowingly in actual or constructive possession of, in excess of 5 grams or more of cocaine or of any mixture containing cocaine ... is guilty of a class B felony, which felony shall be known as "trafficking in cocaine." If the quantity involved:

a. Is 5 grams or more, but less than 50 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 3 years and to pay a fine of $50,000.

The factual basis for the plea was that "on or about the 20th day of June, 1997, in the County of New Castle, State of Delaware, [Gerbier] did knowingly possess over 5 grams but less than 50 grams of cocaine." Gerbier was sentenced to five years in prison, three of which were to be suspended if he completed boot camp. This sentence was subsequently vacated and Gerbier was sentenced to a boot camp program for six months, followed by supervision for not less than two and one-half years.

On May 11, 1999, still in Delaware state custody, Gerbier was issued a Notice to Appear by the INS, which alleged that Gerbier was deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) because he was convicted of an "aggravated felony" as defined by 8 U.S.C. § 1101(a)(43)(B). Section 1227(a)(2)(A)(iii) states in relevant part:

(a) Any alien ... in and admitted to the United States shall ... be removed if the alien is within one or more of the following classes of deportable aliens:

(2) Criminal Offenses

(A) General Crimes

(iii) Aggravated felony

Any alien who is convicted of an aggravated felony at any time after admission is deportable.

Section 1101(a)(43)(B) defines an "aggravated felony," as it pertains to drug crimes, as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." In turn, § 924(c) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.) ...."[1] Gerbier was released into INS custody, and was detained administratively by the INS at its facility in York County, Pennsylvania. An additional charge of deportability was later lodged against him, pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), which relates to convictions of controlled substance violations, "other than a single offense involving possession for one's own use of 30 grams or less of marijuana ...."

At a hearing in September 1999, the Immigration Judge ("IJ") found that Gerbier was not removable as an aggravated felon, but sustained the charge that he was removable for his convictions for controlled substance violations. Pursuant to 8 U.S.C. § 1229b(a)(3), permitting the Attorney General to "cancel removal ... of an alien who is ... deportable from the United States if the alien—(3) has not been convicted of an aggravated felony," the IJ granted Gerbier's application for cancella-

---

**1.** Section 924(c) defines "drug trafficking crime" as a felony punishable not only under the Controlled Substances Act, but also under the Controlled Substances Import and Export Act, 21 U.S.C. § 951 et seq., and the Maritime Drug Law Enforcement Act, 46 U.S.C.App. § 1901 et seq. These latter two statutes are not at issue in this appeal, as the INS has not argued that Gerbier's 1997 "trafficking in cocaine" conviction was a felony punishable under either of these statutes.

tion of removal, thereby permitting him to retain his status as a permanent resident of the United States. The INS appealed this decision to the Board of Immigration Appeals ("BIA"), arguing that the IJ erred in finding that Gerbier was not an aggravated felon and, thus, eligible for cancellation of removal. The BIA concluded that under 21 U.S.C. § 844(a), Gerbier had been convicted of a felony. The BIA reasoned that since Gerbier's cocaine conviction followed a prior marijuana conviction, he would be punishable under § 844(a)'s sentence enhancement provision for a term greater than one year, which is a felony under federal law. See 18 U.S.C. § 3559 (1999). Thus, the BIA agreed with the INS and, in February 2000, vacated the order of the IJ, and Gerbier was ordered removed from the United States. He is currently being held in a detention facility in Port–Au–Prince, Haiti.

Gerbier filed a habeas petition in the District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 2241, arguing that the BIA violated his due process rights and erred in determining that he was not eligible for cancellation of removal. He also sought the opportunity to apply for protection under the United Nations Convention Against Torture ("CAT"). The District Court denied Gerbier's request for habeas relief, finding that the BIA had properly determined that Gerbier

was an aggravated felon and, thus, ineligible for cancellation of removal. The District Court permitted Gerbier to apply for protection under CAT, but Gerbier subsequently declined this opportunity.

This timely appeal followed. The District Court had jurisdiction pursuant to 28 U.S.C. § 2241. See INS v. St. Cyr, 533 U.S. 289, 121 S.Ct. 2271, 2287, 150 L.Ed.2d 347 (2001) (holding that neither the Antiterrorism and Effective Death Penalty Act of 1996 nor the Illegal Immigration Reform Act of 1996 repealed the District Court's jurisdiction to review aliens' habeas petitions). We have appellate jurisdiction to review a District Court's order denying the issuance of the writ pursuant to 28 U.S.C. §§ 1291 and 2253. See Steele v. Blackman, 236 F.3d 130, 133 (3d Cir. 2001). We review de novo the District Court's denial of habeas corpus relief and its interpretation of the applicable statutes.[2] Id. at 133.

## II. Discussion

In order to determine whether Gerbier's 1997 conviction in Delaware State Court of "trafficking in cocaine" in violation of Del. Code Ann. tit. 16, § 4753A was a "drug trafficking crime," and thus an "aggravated felony" as that term is defined in § 1101(a)(43)(B) of the INA (which would render him ineligible for cancellation of

---

**2.** Although Gerbier argues that we owe *Chevron* deference to the BIA's interpretation of the term "aggravated felon," we do not believe such deference is appropriate in this case. See *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). "*Chevron* appears to speak to statutory interpretation in those instances where Congress delegated rule-making power to an agency and thereby sought to rely on agency expertise in the formulation of substantive policy." *Sandoval v. Reno*, 166 F.3d 225, 239 (3d Cir. 1999). "*Chevron* deference is not required where the interpretation of a particular stat-

ute does not 'implicate[ ] agency expertise in a meaningful way' but presents instead a 'pure question of statutory construction for the courts to decide.' " *Drakes v. Zimski*, 240 F.3d 246, 250 (3d Cir.2001) (citations omitted). Although this case involves the statutory framework laid out in the Immigration and Naturalization Act ("INA"), the specified section at issue in this case is part of the federal criminal code that is incorporated by reference into the INA. As such, the BIA's expertise in interpreting the INA is not implicated in a meaningful way and we need not defer to it.

removal under 8 U.S.C. § 1229b(a)(3)), we must examine the Delaware drug laws, the INA, and the federal Controlled Substances Act. As we document *infra*, the proper interpretation of this statutory framework, and the definition of "drug trafficking crime" in § 924(c)(2) as it pertains to *state* drug-related offenses, has been the source of ongoing debate between the BIA and various Courts of Appeals.

While we have encountered appeals by aliens arguing that they have not been convicted of aggravated felonies, we have not yet been required to rule on a specific approach with respect to state felony drug convictions. *See Steele v. Blackman*, 236 F.3d 130 (3d Cir.2001) (assuming the validity of the BIA's approach to the statutory framework, without adopting it, because the defendant had only been convicted of a misdemeanor under state law and application of the BIA's approach did not favor the INS); *United States v. Graham*, 169 F.3d 787 (3d Cir.1999) (failing to reach the BIA's interpretation of "aggravated felony" in the context of a sentencing guidelines case since the INS conceded the district court's error on appeal). In this case, however, Gerbier's state conviction was a felony under Delaware state law, but it did not contain a trafficking element, and we must choose between the INS's interpretation and the BIA's, since under the former we would affirm and under the latter we would reverse. Because this appeal re-quires us to adopt an interpretation, we begin with a detailed analysis of the statutory framework and then proceed to apply the framework to Gerbier's appeal.

## A. Statutory Framework

■ The INA states that "Any alien . . . in and admitted to the United States shall, upon order of the Attorney General, be removed if the alien . . . is convicted of an aggravated felony at any time after admission . . . ." 8 U.S.C. § 1227(a)(2)(A)(iii) (1999). The definition of "aggravated felony" is set forth in § 1101 of the INA, the general definitional section applicable to the entire INA. Under § 1101(a)(43)(B), an "aggravated felony" is defined as, among other things, "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." By its terms, § 1101(a)(43)(B) directs us to 18 U.S.C. § 924(c), which lays out the penalties for the firearms offense section of the federal criminal code.[3] Under § 924(c)(2), "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ."

We are presented with three alternative approaches for deciding when a state drug offense conviction constitutes an "aggravated felony" under the INA. The first approach, taken by the BIA, will be referred to as the *Davis/Barrett* approach.[4]

---

3. Specifically, § 924(c)(2) defines "drug trafficking crime" for purposes of § 924(c)(1), which imposes an additional penalty (generally five years) on individuals who "use or carr[y] a firearm, or who, in furtherance of any . . . crime, possess a firearm" "during or in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States." The INA, through § 1101(a)(43)(B), borrows this definition for purposes of defining, under the INA, a "drug trafficking crime" and therefore an "aggravated felony."

4. Although, in this case, the BIA determined that Gerbier had been convicted of an aggravated felony, thereby rendering him ineligible for cancellation of removal, its decision was not inconsistent with the *Davis/Barrett* approach. Rather, the BIA's determination that Gerbier had been convicted of an aggravated felony rested on its belief that the analogous federal crime under the Controlled Substances Act was a felony. As the BIA stated:

Under federal law, certain drug possession offenses are punishable by a term of imprisonment exceeding 1 year and are thus felo-

The second approach, taken by various Courts of Appeals in the sentencing guidelines context (and by the INS in this appeal), will be referred to as the Guidelines approach. The final approach is advanced by Gerbier. For the reasons that follow, we adopt the *Davis/Barrett* approach advanced by the BIA.

### 1. The "Aggravated Felony" Concept and the *Davis/Barrett* Approach

The "aggravated felony" concept was introduced into the INA by the Anti–Drug Abuse Act of 1998, Pub. L. No. 100–690, 102 Stat. 4181 (1988) ("ADAA"). Section 1101(a)(43) was added to the INA pursuant to § 7342 of the ADAA, which defined the term "aggravated felony" as it pertains to a drug offense as "any drug trafficking crime as defined in section 924(c)(2) of title 18, United States Code ...."[5] Section 924(c)(2) was also amended by the ADAA, which defined the term "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.) ...." Thus, under the definition of "aggravated felony" in the INA, as added by the ADAA, only a "drug trafficking crime" constituted an "aggravated felony."

Following the addition of the "aggravated felony" concept in 1988, the BIA had to decide whether a state drug conviction could constitute a "drug trafficking crime" under § 924(c)(2) and therefore an "aggravated felony" in *Matter of Barrett*, 20 I & N Dec. 171, 1990 WL 385754 (BIA 1990).

The BIA resolved this issue by deciding that the definition of "drug trafficking crime" under § 924(c)(2) was broad enough to encompass state drug convictions. In reaching this conclusion, the BIA observed that "Congress referred to felonies 'punishable under' not 'convictions obtained under'" the Controlled Substances Act. *Barrett*, 1990 WL 385754 at *175. Thus, the definition of "drug trafficking crime" did not require an actual conviction under the Controlled Substances Act. Rather, according to the BIA, "the definition of 'drug trafficking crime' for purposes of determining drug-related 'aggravated felonies' within the meaning of the Immigration and Nationality Act encompasses state convictions for crimes" where it can be proven that the state conviction "includes all the elements of an offense for which an alien 'could be convicted and punished' under" the applicable federal statute in § 924(c)(2). *Id.* at *177, 174. We have labeled this the "hypothetical federal felony" route. *See United States v. Graham*, 169 F.3d 787, 789 (3d Cir.1999). While the *Barrett* decision made clear that state drug convictions were encompassed in § 924(c)(2), the BIA did not then speak to the question whether, for purposes of determining if a state drug conviction constituted a "drug trafficking crime," it mattered whether the state conviction was a misdemeanor or a felony.

The definition of "aggravated felony" was subsequently amended by the Immi-

nies. Under § 844(a) (1990), a conviction for unlawful possession of a controlled substance, where the offense is committed after a prior drug conviction, is punishable by a term of imprisonment of up to two years. Because the maximum term of imprisonment exceeds 1 year, it constitutes a felony. *See* 18 U.S.C. § 3559 (1988). While this statement of the law is not incorrect, for the reasons we explain *infra* at 316 – 18, we hold that Gerbier's prior marijuana

conviction cannot be used in this case to conclude that his cocaine conviction is a felony under federal law.

5. The ADAA added other references to "aggravated felony," such as the section rendering aliens deportable if they are convicted of an aggravated felony and sections imposing certain targeted disabilities on aggravated felons. These sections are not at issue in this appeal.

gration Act of 1990, Pub. L. No. 101–649, 104 Stat. 4978 (1990). Under the amended definition a drug offense constitutes an "aggravated felony" if it represents "*any illicit trafficking in any controlled substance* (as defined in section 102 of the Controlled Substances Act), including any drug trafficking crime as defined in section 924(c)(2) of title 18, United States Code .... *Such term applies to offenses described in the previous sentence whether in violation of Federal or State law ....*" *See* section 501 of the Immigration Act of 1990, 104 Stat. at 5048, *as corrected by* section 306(a)(1) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102–2323, 105 Stat. 1733, 1751 (1991) (emphasis added). While explicitly adding the phrase, "any illicit trafficking in any controlled substance" to the definition of an "aggravated felony," this amendment also added that the term "aggravated felony" applies to offenses "whether in violation of Federal or State law."

This change, in effect, codified the BIA's holding in *Barrett*. *See* H.R. Rep. No. 681, pt. 1, at 147 (1990), *reprinted at* 1990 U.S.C.C.A.N. 6472, 6553 ("Because the Committee concurs with the recent decision of the Board of Immigration Appeals [in *Matter of Barrett*] and wishes to end further litigation on th[e] issue [of whether a state drug trafficking conviction can render an alien an aggravated felon], section 1501 of H.R. 5269 specifies that drug trafficking ... is an aggravated felony whether or not the conviction occurred in state or Federal Court."). With the exception of a minor amendment in 1994, changing the reference to § 924 from " § 924(c)(2)" to "§ 924(c)," *see* Immigration and Nationality Technical Corrections Act of 1994, Pub. L. No. 103–416, § 22(a), 108 Stat. 4310, 4320–21 (1994), thereby making clear that "aggravated felony" covers not only drug trafficking crimes, but also crimes of vio-

lence, this is the definition now set forth in § 1101(a)(43)(B).

Following the 1990 amendments, the BIA elaborated on the question of when a state drug conviction could constitute a "drug trafficking crime" under the newly-amended definition of "aggravated felony" in *Matter of Davis,* 20 I & N Dec. 536, 1992 WL 443920 (BIA 1992). The BIA split the post–1990 definition of "aggravated felony" in § 1101(a)(43)(B) into two routes, the "illicit trafficking in any controlled substance" route and the "drug trafficking crime (as defined in section 924(c) of Title 18)" route. Each route provides an alternate means for determining whether a state drug conviction amounts to an "aggravated felony" under the INA.

The first route tracks the language of the newly-added clause, "illicit trafficking in a controlled substance." The BIA concluded that, pursuant to this language, "a drug-related aggravated felony includes any state, federal, or qualified foreign felony conviction involving the unlawful trading or dealing of any controlled substance as defined in section 102 of the Controlled Substances Act." *Davis,* 20 I & N Dec. at 541. Under this route, there are two necessary elements for a state drug conviction to be an "aggravated felony": (1) the offense must be a felony under the law of the convicting sovereign; and (2) the offense must contain a "trafficking element"—i.e., it must involve "the unlawful trading or dealing of a controlled substance." *Id.* Thus, not all drug offenses will constitute "illicit trafficking" and, thus, "aggravated felonies" under the INA. In particular, "an offense that is not a felony and/or an offense which lacks a sufficient nexus to the trade or dealing of controlled substances [does not] constitute[ ] 'illicit trafficking'.... The offense of simple possession would appear to be one example of a drug-related offense not amounting to

the common definition of 'illicit trafficking.'" *Id.*

The second route by which a state drug conviction could be an "aggravated felony" under the INA is the "hypothetical federal felony" route set forth in *Barrett.* While the BIA did not state in *Barrett* whether the state drug conviction could be either a misdemeanor or a felony, it further clarified its position in *Davis,* stating that "*if the offense is not designated as a felony* [under the convicting sovereign] it may nonetheless be a 'drug trafficking crime' (and therefore 'illicit trafficking' and an 'aggravated felony') if it is analogous to an offense punishable under one of the federal acts specified in 18 U.S.C. § 924(c)(2), *and the offense to which it is analogous is a 'felony' under federal law.*" *Id.* at 543 (emphasis added). Thus, under the "hypothetical federal felony" route, the "BIA understands [§ 924(c)] to encompass convictions for state offenses, however characterized by the state, if those offenses would be 'punishable' under one of the three specified federal statutes if federally prosecuted, so long as the hypothetical federal conviction would be a felony under federal law, i.e., would be punishable by a term of imprisonment of over one year." *Steele v. Blackman,* 236 F.3d 130, 135–36 (3d Cir.2001). Until today, we have reserved ruling on the "hypothetical federal felony" route.

### 2. Alternate Interpretation of § 1101(a)(43) (The "Guidelines approach")

The Courts of Appeals have not entirely followed the *Davis/Barrett* approach in construing the "aggravated felony" definition in § 1101(a)(43). The views of these courts first diverged from the position of the BIA in a peripheral context, that of the United States Sentencing Guidelines. Section 1101(a)(43)'s definition of "aggravated

felony" is referenced not only within the INA, but also in the Guidelines. *See* U.S. Sentencing Guidelines Manual § 2L1.2, Application Note 1 (2000). If an alien is removed from the United Stated based on an "aggravated felony" conviction and is later found guilty of unlawfully re-entering the United States following his removal, in violation of 18 U.S.C. § 1326, § 2L1.2 of the Sentencing Guidelines requires the district judge to impose a 16–point sentencing enhancement. The Sentencing Guidelines' definition of "aggravated felony" refers explicitly to the "aggravated felony" definition found in § 1101(a)(43) of the INA. *See* U.S. Sentencing Guidelines Manual § 2L1.2, Application Note 1 (2000).

Cases involving aliens who have been deported pursuant to a conviction for an "aggravated felony" and who have been found guilty of illegally re-entering the United States have perforce required the Courts of Appeals to construe the "aggravated felony" definition as it relates to state drug convictions. In general, the Courts' approach has diverged from and been critical of the BIA's *Davis/Barrett* approach with respect to the "hypothetical federal felony" route. First articulated by the First Circuit in *Amaral v. INS,* 977 F.2d 33, 36 n. 3 (1st Cir.1992) and *United States v. Forbes,* 16 F.3d 1294, 1301 n. 10 (1st Cir.1994), the most thorough analysis of the alternate position is found in *United States v. Restrepo–Aguilar,* 74 F.3d 361 (1st Cir.1996).

In *Restrepo–Aguilar,* the court was presented with the question whether the term "aggravated felony," as used in § 2L1.2 of the Sentencing Guidelines, includes a state drug offense that, while a felony under the law of the convicting state, would only be punishable as a misdemeanor under federal law. The court concluded that it did. The defendant argued, pursuant to the reasoning set forth by the BIA in *Davis*

and *Barrett*, that his state felony drug conviction did not render him an "aggravated felon" since the elements underlying his conviction would only amount to a misdemeanor under the Controlled Substances Act. The court rejected this approach, stating that the defendant was reading § 924(c)(2) "as if it defined 'drug trafficking crime' as any offense punishable *as a felony under* the CSA." *Restrepo-Aguilar*, 74 F.3d at 364 (emphasis in original).

As the court pointed out, "[t]hat is not how § 924(c)(2) is written. The statutory definition plainly does not require that an offense, in order to be a drug trafficking crime, be subject to a particular magnitude of punishment if prosecuted under the CSA ...." *Id.* Rather, as written, the argument continues, the statute required "only that the offense be a 'felony punishable'" under the Controlled Substances Act. *Id.* Moreover, the court observed that under the Controlled Substances Act, a felony is defined as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13) (1999). Thus, the court held that, at least with respect to the Sentencing Guidelines, an alien is subject to the sentencing enhancement under § 2L1.2 if: (1) the offense is punishable under the Controlled Substances Act; and (2) the offense is a felony, *either* under the law of the convicting state *or* under the Controlled Substances Act.

Under this view, a drug offense that is a felony under state law, but would only be punishable as a misdemeanor under a hypothetically analogous federal law, would qualify as a "drug trafficking crime" under § 924(c)(2). According to these courts, the BIA's "hypothetical federal felony" route distorts the plain language of "any felony punishable under" in § 924(c)(2) by implicitly re-writing it as "any crime punishable as a felony under." To date, in addition to the First Circuit, the Second, Fifth, Eighth, Ninth, Tenth, and Eleventh Circuits have also espoused this view in the Sentencing Guidelines context.[6]

Whatever may be the proper construction in a Sentencing Guidelines case, we do not agree that the plain meaning of "drug trafficking crime" under § 924(c) in the deportation context encompasses state felony convictions that would merely be misdemeanors under federal law when there is otherwise no trafficking component to the state law conviction; in those instances it must be punishable as a felony under federal law.[7] And while we do not agree with the view presented by Gerbier that a "trafficking" component in a drug conviction is a necessary prerequisite for the conviction to constitute an "aggravated felony," disposing of this point in the margin,[8] we conclude that the "hypothetical

6. *See, e.g., United States v. Hernandez-Avalos*, 251 F.3d 505 (5th Cir.2001); *United States v. Ibarra-Galindo*, 206 F.3d 1337 (9th Cir.2000); *United States v. Pornes-Garcia*, 171 F.3d 142 (2d Cir.1999); *United States v. Simon*, 168 F.3d 1271 (11th Cir.1999); *United States v. Hinojosa-Lopez*, 130 F.3d 691 (5th Cir.1997); *United States v. Briones-Mata*, 116 F.3d 308 (8th Cir.1997); *United States v. Garcia-Olmedo*, 112 F.3d 399 (9th Cir.1997); *United States v. Valenzuela-Escalante*, 130 F.3d 944 (10th Cir.1997); *United States v. Cabrera-Sosa*, 81 F.3d 998 (10th Cir.1996); *United States v. Polanco*, 29 F.3d 35 (2d Cir.1994).

7. As we noted *supra* at 305 – 06, if the conviction is a felony under state law and encompasses a trafficking element, it is an aggravated felony under the "illicit trafficking" route.

8. Gerbier submits that "8 U.S.C. § 1101(a)(43)(B) *requires* that there be a showing that the offense involve illicit trading and dealing." Gerbier bases his argument on the 1990 amendments to the INA. *See supra* at 304. He contends that the addition of the phrase, "illicit trafficking in any controlled substance," to the beginning of

federal felony" route is the preferable reading of § 924(c)(2).

### 3. Rationale for Adopting the "Hypothetical Federal Felony" Route

. We find that the language in § 924(c)(2), which by its own terms is a *federal* sentence enhancement based on a firearms offense, applies only to *federal* crimes of violence or drug trafficking crimes. Prior to 1988 when this definition was incorporated by reference into the INA by the ADAA, the only "felon[ies] punishable under the Controlled Substance Act" covered by § 924(c)'s "drug trafficking crimes" definition were *federal* felonies.[9] Our recent decision in *Steele v. Blackman* makes precisely this observation in discussing the pre–1990 definition of "aggravated felony":

> Section 924(c)(2) of Title 18, which has remained unchanged during the relevant period, provides a sentence enhancement in federal prosecutions for defendants who have used or carried a firearm during or in relation to the drug trafficking crime that is the subject of the prosecution. It is in this context that § 924(c)(2) defines "drug trafficking crime" as "any felony punishable under" the three specified statutes. Thus, if one literally substituted the text of § 924(c)(2) for the text of "any drug trafficking crime (as defined in section 924(c)(2))" in § 1101(a)(43), no state offenses were included in the concept of aggravated "felony."

236 F.3d 130, 135 n. 5 (3d Cir.2001).

This view is bolstered by the legislative history of the section, as offered by Judge Canby of the Ninth Circuit, in dissent in *United States v. Ibarra–Galindo:*

> Until 1988, section 924(c)(2) defined "drug trafficking" as "any felony violation of Federal law involving the distribution, manufacture, or importation of

§ 1101(a)(43)(B) was intended by Congress to make "trafficking" an integral element of any state drug-related conviction in order for it to be an "aggravated felony" under the INA. That is, Gerbier argues that Congress was modifying the pre–1990 "drug trafficking crime" definition by making trafficking an express element. Under his reading, even if a state possession offense (with no trafficking element) would be analogous to a federal drug felony—and would thus constitute an "aggravated felony" under the "hypothetical federal felony" route—it would *not* be an "aggravated felony" because there was no trafficking element to the underlying offense.

We noted in a footnote in *Steele v. Blackman*, 236 F.3d 130 (3d Cir.2001), that there is some intuitive appeal to the argument that Gerbier now makes. We observed that "[t]he text of the statute as amended, literally read, creates a single category: state or federal offenses involving 'illicit trafficking' (i.e., the marketing of drugs). Felony violation of the three designated federal statutes are a subset of this single category. Under this literal reading of the statute, 'aggravated felony' does not include state or federal offenses that

do not involve the marketing of drugs." 236 F.3d at 136 n. 5. However, as we discussed *supra* at 306, the legislative history accompanying the 1990 amendments makes clear that Congress was essentially codifying the BIA's decision in *Barrett* by making clear that state drug trafficking convictions were also "aggravated felonies" under the INA. Thus, the 1990 amendments *extended* the definition of "aggravated felony" to cover state drug crimes; there is no evidence that Congress sought to *modify* the already-existing set of drug crimes, which included, among others, drug trafficking crimes under § 924(c)(2). We therefore conclude that "trafficking" is *not* an essential element of all state drug convictions in order for those convictions to constitute an aggravated felony under § 1101(a)(43).

9. We note that a review of relevant case law involving 18 U.S.C. § 924(c)(2) reveals that state law generally has not been at issue when determining whether a defendant has committed a "drug trafficking crime." *See, e.g., United States v. Williams,* 985 F.2d 749 (5th Cir.), *cert. denied sub nom. Kitchens v. United States,* 510 U.S. 850, 114 S.Ct. 148, 126 L.Ed.2d 110 (1993).

any controlled substance." 18 U.S.C. § 924(c)(2) (1982 & Supp. V 1987). In the Anti–Drug Abuse Act of 1988, Congress amended this subsection into its present form, defining "drug trafficking crime" as "any felony punishable under the Controlled Substances Act . . . ." 18 U.S.C. § 924(c)(2) (citations omitted). *Congress labeled this change a "clarification."* Anti–Drug Abuse Act of 1988, Pub. L. No. 100–690, § 6212, 102 Stat. 4181, 4360.

206 F.3d 1337, 1342 (9th Cir.2000) (emphasis added). As a clarification, the 1988 amendments did nothing to change the fact that the felony violation must be of federal, not state, law. Thus, the BIA's interpretation of the phrase "felony punishable under the Controlled Substances Act" as excluding crimes that are not "hypothetical federal felonies" is not only plausible, but also logical in light of the history of § 924(c)(2).

We note that the majority in *Ibarra–Galindo*, a Sentencing Guidelines case, held that the approach adopted by the other Courts of Appeals was the proper one, stating that:

> If Congress had intended the meaning advanced by Ibarra–Galindo, it would have most naturally referred to offenses "punishable as felonies under the Controlled Substances Act," but it did not. It is well established that, when one interpretation of a statute or regulation obviously could have been conveyed more clearly with different phrasing, the fact that the authors eschewed that phrasing suggests, ceteris paribus, that they in fact intended a different interpretation.

*Ibarra–Galindo*, 206 F.3d at 1339 (citations omitted). We agree that if the interpretation is obvious, we should not "eschew" that phraseology or look to legislative history. *See Darby v. Cisneros,*

509 U.S. 137, 147, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993) ("Recourse to the legislative history of [a provision] is unnecessary in light of the plain meaning of the statutory text."). However, as the foregoing discussion makes clear (and as further explained *infra*) we do not agree that the language here has such an obvious meaning. Finding the phrase to be ambiguous, we must look to legislative history.

As noted above, in reaching the conclusion that a state felony conviction is enough to constitute a "drug trafficking crime" under § 924(c)(2) and, thus, an "aggravated felony," the several Courts of Appeals rely on the language of 21 U.S.C. § 802(13). *See, e.g., Restrepo–Aguilar,* 74 F.3d at 364 ("Section 924(c)(2)'s definition of 'drug trafficking crime' by its terms includes '*any* felony' that is criminalized under the CSA. The definition does not limit its application to offenses that would be classified as felonies if prosecuted under federal law. Furthermore, the CSA itself defines a felony as 'any Federal or State offense classified by applicable Federal or state law as a felony.' "). However, § 802(13) does not define any substantive offense under the Controlled Substances Act. Rather, § 802(13) defines "felony" for purposes of sentencing enhancements for the substantive crimes set forth in Chapter 21, *see, e.g.,* 21 U.S.C. § 841(b)(1) (1999) (raising the sentence for an 841(b)(1) conviction if the violation occurs "after a prior conviction for a felony drug offense"), but we are not defining "felony" for purposes of sentencing enhancements. We are defining "felony" for purposes of substantive drug crimes.

The BIA noted this point in its decision, *In re L–G,* 21 I & N Dec. 89, 25 Immig. Rptr. B1–1, 1995 WL 582051 (BIA 1995), where it was called upon to address the argument made by the INS, and em-

braced by many of the Courts of Appeals in the Sentencing Guidelines cases, that the definition of "felony" in the Controlled Substances Act at 21 U.S.C. § 802(13) required the BIA to apply a state's classification of an offense as a felony in defining a "drug trafficking crime" in the immigration context. The BIA squarely rejected this approach, finding it more appropriate to look to the definition of "felony" within title 18, where § 924(c)(2) is located. Thus, it concluded that the term "any felony" under § 924(c)(2) referred to any felony under the definition of a felony laid out at 18 U.S.C. § 3559(a). As defined in Title 18, a felony is an offense where imprisonment for more than one year is authorized under the relevant criminal statute. *See* 18 U.S.C. § 3559(a)(5) (1999). A "drug trafficking crime" under § 924(c)(2) was therefore any "felony violation of the federal drug laws, i.e., any offense under those laws where the maximum term of imprisonment authorized exceeds 1 year." *In re L–G,* 21 Immig. Rptr. at B1–4; *see also* 18 U.S.C. § 3559(a)(5) (1999).[10] Thus, a crime that is only punishable as a misdemeanor under the Controlled Substances Act is not "any felony" under § 924(c)(2). The BIA reiterated that § 1101(a)(43) makes reference to § 924(c)(2), but makes no reference to 21 U.S.C. § 802(13), and that the plain language of § 924(c)(2) "directs us to the Controlled Substances Act, and to the other enumerated federal drug laws, only for the purpose of determining whether an offense is 'punishable' under its provisions as a felony, i.e., by a term of imprisonment in excess of 1 year." *In re L–G,* 21 Immig. Rptr. at B1–8, 1995 WL 582051. It then proceeded to point out that

a "review of the Controlled Substances Act reveals that the term 'felony' is generally used there for purposes other than to describe offenses that are punishable under its provisions .... Specifically, the term 'felony' is primarily used in 21 U.S.C. § 802(13) to trigger statutory sentence enhancement for repeat offenders." *Id.*[11] Indeed, there is only one instance under the Controlled Substances Act where the term "felony" is used to describe a punishable offense, *see* 21 U.S.C. § 843(b) (1999) (making it unlawful to use a communication facility "in committing or causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter"), and case law makes clear that only a felony under federal law satisfies the felony element of this offense. *See, e.g., United States v. Baggett,* 890 F.2d 1095 (10th Cir.1989) (holding there was no violation of § 843(b) where a telephone was used to obtain possession of marijuana since possession is only a misdemeanor, not a felony, under 21 U.S.C. § 844(a)).

We thus find the BIA's rationale with respect to § 802(13) persuasive. Although § 924(c)(2) directs us to the Controlled Substances Act, § 924(c)(2) does not reference § 802(13) and, moreover, that section defines "felony" only for purposes of sentence enhancements. Rather, whether a substantive drug offense is a felony is controlled by 18 U.S.C. § 3559, which sets forth the general sentencing classifications for most federal crimes and defines a felony as an offense for which the term of imprisonment exceeds one year. In light of the legislative history of § 924(c)(2) and

---

**10.** In addition, the BIA also found this "less expansive version" of "drug trafficking crime" more consistent with the statutory history of § 924(c)(2). *See supra* at 307–10 (discussing the pre1988 version of § 924(c)(2)).

**11.** The term "felony" is used under Part D of the Controlled Substances Act, entitled "Offenses and Penalties," exclusively for the purpose of prescribing penalties for defendants with prior felony convictions.

the need for uniformity in the immigration context, *see infra* Part II.A.4, we are persuaded that the BIA's "hypothetical federal felony" route is the correct interpretation of the statute.[12]  Moreover, we find the argument that the BIA's "hypothetical federal felony" route re-writes the language of the statute to read "any crime punishable as a felony under" to be inadequate in light of the aforementioned considerations.

### 4. The Matter of Uniformity

As noted *supra* Part II.A.1., Congress amended § 1101(a)(43) in 1990 by adding that the term "aggravated felony" "applies to an offense described in the previous sentence, whether in violation of Federal or State law . . . ." *See* Immigration Act of 1990, Pub. L. No. 101–649, 104 Stat. 4978 (1990).  This change, in effect, codified the BIA's holding in *Barrett*.  *See* H.R.Rep. No. 681, pt. 1, at 147 (1990), *reprinted at* 1990 U.S.C.C.A.N. 6472, 6553; *see also supra* at 304.  In *Barrett*, the BIA concluded that § 1101(a)(43) was limited to state convictions that contained the same elements as a federal felony conviction.  In so doing, the BIA pointed out that "it is unreasonable to assume that Congress, in choosing the definition of 'drug trafficking crime' at 18 U.S.C. § 924(c)(2), sought to differentiate between aliens convicted of similar drug-related offenses on the basis of whether the conviction was accomplished under state or federal law."  *Barrett*, 1990 WL 385754 at *175.  This conclusion, and the amendment incorporating it, are consistent with the fact that the "Immigration and Nationality Act generally does not attach different treatment to state and federal drug offenses with respect to excludability, deportability, or the negative effect of a drug conviction on various forms of relief from exclusion or deportation."  *Id.* at *176.

As Alexander Hamilton wrote, the power over naturalization must "necessarily be exclusive; because if each State had power to prescribe a Distinct Rule there could be no Uniform Rule."  The Federalist No. 32 (Alexander Hamilton).  Indeed, the policy favoring uniformity in the immigration context is rooted in the Constitution.  *See* U.S. Const. art. I, § 8 ("The Congress shall have the Power To ... establish a uniform Rule of Naturalization."); *see also Francis v. INS*, 532 F.2d 268, 273 (2d Cir.1976) ("Fundamental fairness dictates that permanent resident aliens who are in like circumstances, but for irrelevant and fortuitous factors, be treated in a like man-

---

**12.** In *Steele,* although we reserved ruling on the validity of the "hypothetical federal felony" route, we expressed concern over the potentially harsh results it produces.  We observed that "[t]he fact that this hypothetical offense approach imposes such grave consequences on factual determinations made, or pleas entered, in misdemeanor proceedings is one of its more troubling aspects.  Misdemeanor charges are frequently not addressed by a defendant with the same care as a felony indictment with its more serious, immediate consequences."  236 F.3d at 137.  Because we now conclude that the "hypothetical federal felony" route is the proper interpretation of the statute, we must also conclude that the statute contemplates these grave consequences.  However, we still maintain that, with respect to state law misdemeanor convictions, there should be "sufficient formality" in the misdemeanor conviction before it can serve as the basis for a hypothetical federal felony.  As we noted in *Steele,* our concern about the lack of care in misdemeanor charges "counsels, at a minimum, that we insist on sufficient formality in the misdemeanor proceeding to assure that each and every element of the hypothetical federal felony is focused on and specifically addressed in that proceeding."  *Id.* However, this case does not present us with the occasion to determine what formalities would be "sufficient" in the misdemeanor context since Gerbier was convicted of a felony under state law.

ner."). Yet, were we to interpret § 924(c)(2) in the same manner as the Courts of Appeals that have interpreted the relevant language in the Sentencing Guidelines cases, aliens convicted of drug offenses in different states that punish similar offenses differently would be treated differently with respect to deportation and cancellation of removal.[13]

Under the approach espoused by those Courts of Appeals, as long as the state drug conviction is a felony under state law, it need only be punishable, either as a misdemeanor or a felony, under federal law in order for the alien to be ineligible for cancellation of removal. As a result, an alien in one state might be ineligible for cancellation of removal even though he committed the same exact crime as an alien in a different state, simply because the two states punish the same crime differently. These disparate results are a real possibility: A person convicted of a single offense of simple possession of 30 grams or less of marijuana in North Dakota, where the offense is punishable as a felony, see N.D. Cent.Code § 19.03.1–23(6) (2000), would be subject to deportation

without the possibility to apply for cancellation of removal under 8 U.S.C. § 1229b(a)(3), whereas a person convicted of the same offense in Montana, where this crime is only a misdemeanor, see Mont. Code Ann. § 45–102(2) (2001), would not be subject to deportation. This cannot be what Congress intended in establishing a "uniform" immigration law. Moreover, we note that the Second Circuit, the only other circuit to address this issue in the immigration and sentencing guidelines context, is in agreement with the BIA's approach— for deportation purposes—precisely because of the need for uniformity.[14]

In sum, a state drug conviction, for deportation purposes, constitutes an "aggravated felony" if it is either a felony under state law and contains a trafficking element, or would be punishable as a felony under the federal Controlled Substances Act.

## B. Application of the *Davis/Barrett* Approach

■ Having concluded that a state drug conviction may constitute an "aggravated

---

**13.** We acknowledge that there is a potential for inconsistent results under Route A, the "illicit trafficking route," of the BIA's approach since states have the power to penalize "trafficking" offenses differently, either as misdemeanors or felonies. However, we think that this potential is slight, as we note that at least within our jurisdiction, all "trafficking" offenses are punished as felonies under state law. *See* Del.Code Ann. tit. 16, § 4753A(2)(a) (2001); N.J. Stat. Ann. § 2C:35–5 (West 2001); 18 Pa. Cons.Stat. § 7508 (2001). As such, we do not believe that this undercuts the presumption of uniformity that we should afford Congress in its immigrations laws.

**14.** Subsequent to the BIA's decision in *In re L–G*, the Second Circuit overruled, with the permission of the prior panel, an earlier case that had interpreted § 924(c) in the manner espoused by the INS. *See Aguirre v. INS*, 79

F.3d 315 (2d Cir.1996), *overruling Jenkins v. INS*, 32 F.3d 11 (2d Cir.1994). *In re L–G* questioned the logic behind the *Jenkins* decision and, in reconsidering its approach to the "aggravated felony" inquiry in the deportation context, the Second Circuit stated:

> Since the BIA will now extend discretionary consideration to an alien like Aguirre, adherence to *Jenkins* will mean that only aliens within this Circuit will be denied such consideration.... We have concluded that the interests of nationwide uniformity outweigh our adherence to Circuit precedent in this instance. The statutory point is fairly debatable .... Accordingly, we have sought and obtained the concurrence of the *Jenkins* panel to abandon that precedent and therefore grant the petition for review and remand for consideration of petitioner's requests for discretionary relief.
>
> *Id.* at 317–18.

felony" under § 1101(a)(43) when it constitutes either "illicit trafficking in any controlled substance" or a "drug trafficking crime," as those terms have been interpreted by the BIA, we must apply those tests to the facts of Gerbier's appeal.

To briefly recapitulate the salient facts, on February 6, 1997, in Delaware state court, Gerbier pleaded guilty to possession of marijuana in violation of Del.Code Ann. tit. 16, § 4754. Subsequently, in August 1997, Gerbier pleaded guilty to one count of a criminal offense labeled "Trafficking in marijuana, cocaine, illegal drugs, methamphetamines, L.S.D., or designed drugs," Del.Code Ann. tit. 16, § 4753A(a)(2). Section 4753A(a)(2) states in relevant part:

Any person who, on any single occasion, knowingly sells, manufactures, delivers or brings into this state, or who is knowingly in actual or constructive possession of, 5 grams or more of cocaine or of any mixture containing cocaine . . . is guilty of a Class B felony, which felony shall be known as "trafficking in cocaine." If the quantity involved:

a. Is 5 grams or more, but less than 50 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 3 years and to pay a fine of $50,000.

Although § 4753A is labeled "trafficking in cocaine" and punishes, *inter alia,* the sale, manufacture, and delivery of cocaine, it also penalizes the simple possession of cocaine. *See id.* ("Any person who . . . is knowingly in actual or constructive possession of, 5 grams or more of cocaine or of any mixture of cocaine . . . is guilty of a Class B felony . . . .").

It is clear, *see supra* at 300, that Gerbier pleaded guilty only to possession of between 5 and 50 grams of cocaine, in violation of § 4753A. *See Steele v. Blackman,* 236 F.3d 130, 136 (3d Cir.2001) (The BIA "looks to what the convicting court must necessarily have found to support the conviction and not to other conduct in which the defendant may have engaged in connection with the offense"). It is also clear that this offense is a felony under Delaware state law. We must now determine whether this conviction is an "aggravated felony" under § 1101(a)(43)(B) of the INA. Gerbier's drug conviction may constitute an "aggravated felony" under either one of two routes. Under the first route, "route A," a state drug conviction constitutes an "aggravated felony" if the offense is a felony under state law and contains a trafficking element. Under the second route, "route B," a state drug conviction constitutes an "aggravated felony" if the conviction, either a felony or misdemeanor under state law, would be punishable as a felony under federal law.

### 1. Route A—"Illicit Trafficking in Any Controlled Substance"

As discussed *supra* at 305, there are two necessary elements for a state drug conviction to be an "aggravated felony" under Route A—the "illicit trafficking" route: (1) the offense must be a felony under the law of the convicting sovereign, and (2) the offense must contain a trafficking element. *Matter of Davis,* 20 I & N Dec. 536, 1992 WL 443920 (BIA 1992). We conclude that Gerbier's August 1997 conviction is not an "aggravated felony" under the "illicit trafficking" route because it does not contain a "trafficking" element.

Under Delaware law, § 4753A is a Class B felony. Thus, his August 1997 conviction satisfies the first element of "illicit trafficking." However, the conviction does not satisfy the second element, for there is no "trafficking" element to his conviction. Gerbier did not plead guilty to distribution, solicitation, or possession with intent to distribute or any other fact suggesting that he was trading or dealing in cocaine.

Rather, all that Gerbier pleaded guilty to was *possession* of between 5–50 grams of cocaine:

> THE COURT: You are charged by indictment with the lesser included offense of trafficking. It states that you, on or about the 20th day of June, 1997, in the County of New Castle, State of Delaware, did knowingly possess over 5 grams but less than 50 grams of cocaine, as classified under Delaware law.
>
> Are you pleading guilty to that charge?
>
> GERBIER: Yes, Your Honor.

The INS argues that by pleading guilty to § 4753A, Gerbier was in fact conceding that his offense involved trading or dealing in drugs. That is, because § 4753A is labeled *"Trafficking* in ... cocaine," it must include a "trafficking" component. In support of its position, the INS points to the following language in the Delaware State Supreme Court case, *State v. Skyers:*

> § 4753A ... is aimed at those who possess at least the standard quantity of illicit drugs, regardless of any proof of intent. The underlying presumption based on quantity possessed represents a legislative judgment that anyone found with that quantity of that particular drug will be presumed to be involved in "trafficking" in narcotics on a large scale or simply involved in an isolated or individual drug transaction.

*Skyers,* 560 A.2d 1052, 1054–55 (Del.1989). This legislative presumption means, according to the INS, that by pleading guilty to § 4753A, Gerbier was in fact also conceding that drug trading or dealing was involved in his offense.

We believe that this argument has been foreclosed by the Supreme Court of Delaware. In *Traylor v. State,* 458 A.2d 1170 (Del.1983), the court addressed the claim that § 4753A was unconstitutional because it created an "irrebuttable presumption"

that anyone possessing a statutorily-prescribed minimum quantity of drugs was engaged in the trafficking of that drug. The court made clear that this was not the case, stating that " '[t]rafficking' ... is not an element of the offense but the name of the crime, as the statute makes clear. Furthermore, the statute contains no presumption, rebuttable or conclusive ...." *Id.* at 1177. Although *Skyers* came after *Traylor,* it does not alter the Supreme Court of Delaware's analysis, as it draws no conclusion with respect to whether or not trafficking is a necessary element of a conviction under § 4753A.

Moreover, we do not agree with the INS's argument that, in contrast to a mandatory presumption, *Skyers* establishes a "permissive inference" that a person containing a certain quantity of a drug is "trafficking" in it. A "permissive inference" is a conclusion that the jury can, but is not required, to draw from a given set of facts. *See County Court of Ulster County, New York v. Allen,* 442 U.S. 140, 157, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). However, in this case, we are not dealing with factual findings. Rather, all that we have before us are the facts to which Gerbier pleaded guilty, which were *possession* of 5 to 50 grams of cocaine. Thus, there are no "permissive inferences" to be drawn in this context and, to the extent that the INS urges us to draw one, it looks like a mandatory presumption which is foreclosed by *Traylor,* and would raise constitutional questions under *Francis v. Franklin,* 471 U.S. 307, 317, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) ("Our cases make clear that '[ ] ... shifting of the burden of persuasion with respect to a fact which the State deems so important that it must be either proved or presumed is impermissible under the Due Process Clause.' ").

Since all that Gerbier pleaded guilty to was possession of between 5 to 50 grams

of cocaine, his conviction does not involve trading or dealing as is required for it to be "illicit trafficking." Thus, his state law conviction does not constitute an "aggravated felony" under the "illicit trafficking" route.

## 2. Route B—"Hypothetical Federal Felony"

Notwithstanding the fact that Gerbier's conviction does not contain a trading or dealing element, we must also analyze whether his conviction may constitute an "aggravated felony" under the "hypothetical federal felony" route. As discussed *supra* at 305 – 06, to determine whether a state drug conviction qualifies as a "hypothetical federal felony" under § 924(c)(2) (defining "drug trafficking crime" as "any felony punishable under the Controlled Substances Act . . ."), a court must look to see whether the state drug conviction is punishable as a felony under the Controlled Substances Act ("CSA"). The INS offers two different federal analogs for Gerbier's § 4753A conviction. The first is 21 U.S.C. §§ 802(13) and (44), defining "felony offense" and "felony drug offense," respectively, for purposes of Chapter 13 of Title 21 (Drug Abuse Prevention and Control). The second is 21 U.S.C. § 844(a), the federal simple possession statute. We conclude that Gerbier's § 4753A conviction would not be punishable as a felony under either of these sections.

### a. Sections 802(13) and (44)

The INS argues that §§ 802(13) and (44), which define "felony offense" and "felony drug offense," respectively, suffice to prove that Gerbier's § 4753A conviction, standing alone, constitutes an "aggravated felony." The INS submits that we must look to the definition of "felony" and "felony drug offense" as those terms are defined in the CSA, specifically, §§ 802(13) and (44), to determine whether a state conviction is punishable as a felony under the CSA. Section 802(13) defines "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13) (1999). Section 802(44) defines "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." 21 U.S.C. § 802(44) (1999). Since the CSA explicitly defines "felony" and "felony drug offense" with respect to its felony classification under *either* federal *or* state law, the INS argues that an offense that is a felony under state law is punishable as a felony under the CSA. In this case, Gerbier's § 4753A conviction is a felony under state law, so the INS submits that it is also a felony under the CSA, thereby constituting an "aggravated felony" under the INA.

The problem with the INS's argument is that neither § 802(13), nor § 802(44) defines substantive federal drug offenses. *See supra* at 309 – 11. Rather, various other provisions of Chapter 13 describe the federal drug offenses, and §§ 802(13) and (44) define "felony" and "felony drug offense" for purposes of sentencing enhancements for the substantive crimes based on prior criminal history. For example, under 21 U.S.C. § 841(b)(1) there is a mandatory minimum sentence of 10 years for various drug offenses. However, if a § 841(b)(1) violation occurs "after a prior conviction for a *felony drug offense,*" the sentence is enhanced to 20 years. 21 U.S.C. § 841(b)(1) (1999). Thus, §§ 802(13) and (44) do not speak to whether actual substantive offenses set forth in Chapter 13 are, in themselves, felonies, which is the relevant question under the

"hypothetical federal felony" approach. Rather, they define "felony" and "felony drug offense" only for purposes of Chapter 13's prior criminal history sentence enhancements.

As we observed *supra* at 309 – 11 whether a substantive drug offense contained in the Controlled Substances Act is a felony is controlled by 18 U.S.C. § 3559, the provision that sets forth the general sentencing classifications for most federal crimes. Under that section, if the specific federal offense is silent on the classification issue, § 3559 gives it a classification based on the maximum term of imprisonment and draws the line between federal felonies and misdemeanors at one year. If the crime prescribes a maximum sentence of "one year or less," it is a misdemeanor. In contrast, if the crime prescribes a sentence of "more than one year," it is a felony. We implicitly acknowledged that this was the proper approach in *Steele* when we stated, "[t]he BIA understands [the hypothetical federal felony approach] to encompass convictions for state offenses, *however characterized by the state,* if those offenses would be 'punishable' under one of the three specified federal statutes if federally prosecuted, so long as the hypothetical federal conviction *would be a felony under federal law, i.e., would be punishable by a term of imprisonment of over one year.*" 236 F.3d at 135–36 (emphasis added); *see also United States v. Graham,* 169 F.3d 787, 792 (3d Cir.1999) ("[U]nder federal law, a felony is defined as a crime that has a maximum term of more than one year.") (citing 18 U.S.C. § 3559(a)).

Thus, the fact that Gerbier's § 4753A conviction is a felony under Delaware law is irrelevant to whether it would be punishable as a felony if he were prosecuted under federal law. Since §§ 802(13) and (44) do not state substantive offenses, and

do not set forth when a particular federal crime is punishable as a felony, they are not the appropriate federal analogs for Gerbier's § 4753A conviction.

### b. Section 844(a)

We agree with the BIA that 21 U.S.C. § 844(a), the federal controlled substance simple possession statute, is the pertinent federal analog to Gerbier's § 4753A offense. Pursuant to § 844(a), it is unlawful for "any person knowingly or intentionally to possess a controlled substance . . . ." 21 U.S.C. § 844(a) (1999). The penalty for violation of § 844(a) is a "term of imprisonment of not more than one year." Under 18 U.S.C. § 3559, therefore, this crime is a federal misdemeanor. Under § 844(a), a defendant's possible sentence is enhanced to two years if he "commits such offense after a . . . prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final." 21 U.S.C. § 844(a) (1999). According to the INS, the BIA was correct when it determined that Gerbier's February 1997 state conviction for possession of marijuana renders Gerbier's § 4753A conviction a felony under this criminal history sentence enhancement and, thus, he has been convicted of an "aggravated felony" for purposes of the INA.

The problem with the INS's argument and the BIA's conclusion in Gerbier's appeal, however, is that our decision in *Steele* requires us to discount Gerbier's prior marijuana conviction, thereby rendering his § 4753A conviction only a federal misdemeanor under the "hypothetical federal felony" route. In *Steele,* we reversed the order of the District Court that had held that an alien's state misdemeanor conviction for marijuana distribution constituted a hypothetical federal felony under § 844(a) because of the alien's prior state misdemeanor drug conviction (the same

rationale advanced by the INS in this appeal). We concluded that in order for a state drug conviction to constitute a hypothetical federal felony under § 844(a) based on the prior drug conviction enhancement, we must be satisfied that the state adjudication possessed procedural safeguards equivalent to the procedural safeguards that would have accompanied the enhancement in federal court. More specifically, if the crime were prosecuted in federal court, the Government would have had to file an information under 21 U.S.C. § 851 and would have had to prove the prior conviction. At that time, the defendant would have had the opportunity to attack the prior conviction as unlawfully obtained. In a case like Gerbier's or Steele's, however, all that the IJ has before him is a record of conviction. Speaking through Judge Stapleton, we stated:

> If a United States Attorney wants a felony conviction, he or she must file an information under 21 U.S.C. § 851 alleging, and subsequently prove, that the defendant has been previously convicted of a drug offense at the time of the offense being prosecuted. While the status of being a "one time loser" is not technically an element of the offense proscribed by § 844, we agree with the District Court that it can be treated as such....
>
> The problem with the District Court's approach is not that it treated the status of being a "one time loser" as an element of the hypothetical federal felony. Rather, the problem is that Steele's "one time loser" status was never litigated as

part of a criminal proceeding. That status was not an element of the crime charged in the second misdemeanor proceeding against him. As a result, the record evidences no judicial determination that the status existed at the relevant time. For all that the record before the immigration judge reveals, the initial conviction may have been constitutionally impaired. Even assuming that Steele was prudent enough to insist on counsel in the second misdemeanor proceeding and even assuming counsel was perspicacious enough to focus on the potential immigration consequences, the record simply does not state that the prior conviction was at issue.

*Steele*, 236 F.3d at 137–38.

As in *Steele*, Gerbier's prior marijuana conviction was "never litigated as part of the criminal proceeding," i.e., as part of the Delaware state court proceedings on the § 4753A conviction. Consequently, Gerbier never had the chance to test the validity of the prior marijuana conviction that now, hypothetically, would be used to enhance his sentence under the "hypothetical federal felony" route. As a result, the BIA should not have used his prior conviction to enhance his sentence under § 844(a) to two years, thereby rendering Gerbier's § 4753A conviction a "hypothetical federal felony." Rather, Gerbier's § 4753A conviction for possession of between 5 to 50 grams of cocaine would only qualify as a federal misdemeanor under the "hypothetical federal felony" route, which is not sufficient to constitute an "aggravated felony" under the INA.[15]

**15.** Our holding in *Steele* is undisturbed by *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), the companion to *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001). In *Coss*, the Supreme Court held that state prisoners bringing habeas petitions under 28 U.S.C. § 2254 could not

challenge their sentence on the ground that it was improperly enhanced as a result of a prior conviction that was unconstitutionally obtained. *Lackawanna*, however, speaks to challenges in subsequent, post-conviction habeas proceedings. The defendant in that case had already been afforded the chance to challenge the validity of the prior conviction in

318

Having concluded that Gerbier's prior marijuana conviction cannot be used to satisfy the "hypothetical federal felony" route, Gerbier's § 4753A conviction would only be punishable as a misdemeanor under federal law. *See* 21 U.S.C. § 844(a). Thus, his conviction does not constitute a "drug trafficking crime" as defined in § 942(c)(2), and he has, thereby, not been convicted of an "aggravated felony" for purposes of § 1101(a)(43) of the INA. Because we conclude that Gerbier has not been convicted of an aggravated felony, hypothetical or otherwise, we will reverse the judgment of the District Court and remand with instructions that it grant the writ and return this matter to the agency so that Gerbier may submit an application for cancellation of removal in accordance with 8 U.S.C. § 1229b(a).

REAVLEY, Circuit Judge, dissenting.

I diverge from the majority on the construction of the definition of a "drug trafficking crime" in 18 U.S.C. § 924(c). The words themselves seem to me to point to any state felony that would be conduct punishable under federal law, rather than necessarily to a crime that would be punishable as a felony under federal law. I might join Chief Judge Becker's masterful opinion, however, if we were surveying a new route; but too many circuit courts have chosen the other way and I would follow them in the interest of consistency and uniformity of federal law.

I would affirm.

prior proceedings. In contrast, what we lamented in *Steele* was the fact that the defendant had not received an opportunity to contest the validity of the prior conviction, which was now being used to hypothetically enhance the alien's hypothetical § 844(a) offense at any point in time during the proceeding for the state conviction that was serving as the basis for the "hypothetical federal felony" conviction. Thus, *Coss* is not on point and our decision in *Steele* controls our outcome.