

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-2002

# Williams v. INS

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1530

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Williams v. INS" (2002). *2002 Decisions.* Paper 756.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/756

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No:  02-1530

————————

PEDRO CLIVE WILLIAMS,
Appellant
v.

IMMIGRATION AND NATURALIZATION SERVICE,

————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

District Court Judge:  The Honorable Louis H. Pollak
(D.C. Civ. No. 01-cv-00339)

————————

Submitted Under Third Circuit L.A.R. 34.1(a)
October 29, 2002

Before:  SLOVITER, FUENTES, and DEBEVOISE*, Circuit Judges

(Opinion Filed:                    )

————————

OPINION OF THE COURT

————————

_____

        *Honorable Dickinson R. Debevoise, United States District Judge for the District
of New Jersey, sitting by designation.

FUENTES, Circuit Judge:

Appellant Pedro Clive Williams ("Williams") appeals an order of the United States District Court for the Eastern District of Pennsylvania, denying his petition for habeas corpus. Williams contends that the District Court erred in concluding that his New York convictions for criminal possession of stolen property qualify as "aggravated felon[ies]" under 8 U.S.C. § 1101(a)(43)(G). Because we agree that Williams' convictions qualify as "aggravated felonies" within the meaning of the statute, we affirm the Order of the District Court.

## I. Facts and Procedural History

Williams, a thirty-two year old native of Guyana, entered the United States on May 15, 1985. On May 19, 1998, Williams was convicted in New York State court of two counts of criminal possession of stolen property. The court sentenced Williams to one year's imprisonment on each count, with the sentences to run concurrently. As a result of these convictions, the Immigration and Naturalization Service ("INS") issued a Notice to Appear on November 24, 1998, placing Williams in removal proceedings. In a decision dated December 9, 1999, an Immigration Judge ("IJ") determined that Williams' convictions did not qualify as aggravated felonies and granted Williams' application for "cancellation of removal" pursuant to 8 U.S.C. § 1229b(a). The IJ also granted Williams a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(c).

The INS appealed the decision to the Board of Immigration Appeals ("BIA"). The Government's appeal focused on the IJ's conclusion that Williams' sentence of "one year" failed to satisfy the requirement under 8 U.S.C. § 1101(a)(43)(G) of a conviction "for

2

which the term of imprisonment [imposed is] at least one year." The BIA reversed the decision of the IJ. Assuming that Williams' convictions qualified as "theft offenses," the BIA held that a sentence of one year for criminal possession of stolen property rendered that conviction an aggravated felony. As a result, the BIA ruled that Williams was precluded from eligibility for cancellation of removal under 8 U.S.C. § 1229b. Section 1229b grants the Attorney General the discretion to cancel removal of an individual who meets certain criteria, including that the individual "has not been convicted of any aggravated felony." The BIA also found Williams statutorily ineligible for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(c).

Williams filed his Petition for Writ of Habeas Corpus on February 7, 2001 to challenge the BIA decision. The District Court appointed counsel to represent him. After a series of briefings and hearings, the District Court denied the petition on December 21, 2001. Although the District Court entered an order staying removal to allow counsel to file an appeal, the Government removed Williams from the United States on or about December 23, 2001.

## II. Jurisdiction and Standard of Review

The District Court exercised jurisdiction over Williams' habeas petition pursuant to 28 U.S.C. § 2241(c). See INS v. St. Cyr, 533 U.S. 289 (2001) (holding that neither the Antiterrorism and Effective Death Penalty Act of 1996 nor the Illegal Immigration Reform Act of 1996 repealed the District Court's jurisdiction to review aliens' habeas petitions). This Court exercises appellate jurisdiction over the District Court's order denying habeas

3

relief pursuant to 28 U.S.C. §§ 1291 and 2253.  See Steele v. Blackman, 236 F.3d 130, 133

(3d Cir. 2001).  We review *de novo* the District Court's denial of habeas corpus relief and

its interpretation of the applicable statute.  See Gerbier v. Holmes, 280 F.3d 297, 302 (3d

Cir. 2002).

### III.  Discussion

Williams argues that his convictions for possession of stolen property in New

York do not qualify as aggravated felonies under the Immigration and Nationality Act

("INA").  First, he claims that the relevant sections of New York law and the INA make clear

that possession of stolen property is not a "theft offense (including receipt of stolen

property)."  Second, he contends that the BIA and the District Court erred in adopting a

harsh interpretation of Congressional intent based on ambiguous statutory language.

"Any alien who is convicted of an aggravated felony at any time after admission is

deportable."  8 U.S.C. § 1227(a)(2)(A)(iii).  The INA defines "a theft offense (including

receipt of stolen property) or burglary offense for which the term of imprisonment [is] at

least one year" as an "aggravated felony."  8 U.S.C. § 1101(a)(43)(G).  Williams argues that

the plain language of the INA does not extend to possession offenses.

Williams was convicted under New York Penal Law § 165.40, which states:

> **Criminal Possession of stolen property in the fifth degree.**  A person is
> guilty of criminal possession of stolen property in the fifth degree when he
> knowingly possesses stolen property, with the intent to benefit himself or a
> person other than an owner thereof or to impede the recovery by an owner
> thereof.  Criminal possession of stolen property in the fifth degree is a class
> A misdemeanor.

4

Based on the language in both the state and federal statutes, he concludes that while one who steals a car or car parts may be guilty of a theft offense in New York, one who possesses such items is culpable of neither a theft offense nor receiving stolen property.

The Seventh Circuit recently dealt with this issue and held that "the modern, generic, and broad definition of the entire phrase 'theft offense (including receipt of stolen property)' is a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." Hernandez-Mancilla v. Immigration and Naturalization Service, 246 F.3d 1002, 1009 (7th Cir. 2001). The Seventh Circuit cited a number of reasons for reaching this conclusion. First, both the Model Penal Code and Black's Law Dictionary recognize that "theft" encompasses many crimes, indicating that any definition should be broad. See id. at 1008. Second, other courts have noted that Congress has indicated that the phrase "aggravated felony" encompasses a vast range of offenses, as evidenced by the fact that, in 1996, the Illegal Immigration Reform and Responsibility Act ("IIRIRA") added offenses under the label "aggravated felony" and lowered the sentencing threshold from five years to one year under § 1101(a)(43)(G). See id. Third, "by choosing the words 'theft offense' rather than just 'theft,' and by expressly including 'receipt of stolen property,' Congress signaled that it was not presenting an exhaustive list of offenses (i.e. just theft and receipt); rather, with its word choices, Congress indicated that the phrase ought to be given a broad read." Id. (citations omitted). Finally, while other offenses listed as "aggravated felonies" reference other statutes, which limit the scope of deportable

5

offenses under those sections, § 1101(a)(43)(G) contains no such references.

We agree with the analysis of the Seventh Circuit and conclude that the phrase "theft offense (including receipt of stolen property)" should be read broadly. Williams was convicted of knowingly possessing stolen property, with the intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof, through his work in a "chop shop." The Immigration Judge heard testimony that Williams participated in removing parts from cars that he knew were stolen. We conclude that Williams' convictions for criminal possession of stolen property based on this conduct qualify as "theft offenses" under our broad reading of 8 U.S.C. § 1101(a)(43)(G).

We also reject Williams' second argument, that the BIA and the District Court erred in adopting a harsh interpretation of Congressional intent based on ambiguous statutory language. "[T]he rule of lenity does not apply simply because a statute requires interpretation." United States v. Graham, 169 F.3d 787, 790 (3d Cir. 1999) (citations omitted). Based on the language used in the section of the statute at issue, changes made to past versions of the section, and comparisons to other sections of the statute, we conclude that Congress intended the phrase "theft offenses (including receipt of stolen property)" to be given a broad meaning. As a result, we need not resort to the rule of lenity.

## IV.  Conclusion

Accordingly, because Williams' convictions for possession of stolen property under New York law meet the definition of an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(G), we affirm the judgment of the District Court.

6

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


_____
                                                          Circuit Judge