

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-24-2004

# Milosevic v. Secretary Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1159

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Milosevic v. Secretary Homeland" (2004). *2004 Decisions.* Paper 118.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/118

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-1159

SLOBODAN MILOSEVIC;
ROBIN MILOSEVIC

v.

THOMAS RIDGE, SECRETARY, U.S.
DEPARTMENT OF HOMELAND SECURITY

Slobodan Milosevic,

Appellant

On appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No.: 03-CV-0993
District Judge: The Honorable William W. Caldwell

Submitted pursuant to LAR 34.1(a)
November 19, 2004

Before: ROTH and SMITH, *Circuit Judges*,
and DEBEVOISE,* *District Judge*

(Filed: November 24, 2004)

OPINION OF THE COURT

*The Honorable Dickinson R. Debevoise, Senior United States District Judge for the
District of New Jersey, sitting by designation.

SMITH, *Circuit Judge*.

Petitioner Slobodan Milosevic[1] appeals from the District Court's judgment denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Appellate jurisdiction exists under 28 U.S.C. §§ 1291 and 2253(a). We exercise de novo review of "the District Court's denial of habeas corpus relief and its interpretation of the applicable statutes." *Gerbier v. Holmes*, 280 F.3d 297, 302 (3d Cir. 2002).

The District Court's Memorandum thoroughly set forth the facts, and as we write only for the parties, we need not fully recite them here. *See Milosevic v. Ridge*, 301 F.Supp.2d 337 (M.D. Pa. 2003). It is sufficient to note that Milosevic's application for asylum and withholding of removal was denied by the Board of Immigration Appeals ("BIA") on August 21, 2002. He was granted a thirty day period in which to depart voluntarily, and was specifically notified that failure to do so would render him ineligible for certain relief under the Immigration and Nationality Act ("INA") for a period of ten years. *See* 8 U.S.C. § 1229c (d). Instead of heeding this notice, Milosevic allowed his departure date to pass. Almost two months later, he filed a timely motion to reopen, presumably in hopes of obtaining an adjustment of status in light of his recent marriage.

At some point thereafter, Milosevic was detained by the Bureau of Citizenship and

---

[1]Cognizant that his name is familiar to many, petitioner advised, and we repeat, that he "is **not** related in any way, either politically or by blood, to the former President of Yugoslavia, now being tried for war crimes and crimes against humanity before the International Court of Justice at the Hague, Netherlands." Petitioner's brief at 3 n.1.

2

Immigration Services,[2] prompting him to file a petition for habeas relief under 28 U.S.C. § 2241. Milosevic asserted that his timely motion to reopen tolled his voluntary departure deadline, thereby rendering the statutory bar to obtaining further relief under the INA inapplicable. Recognizing that his position was inconsistent with a ruling by the BIA in *In re Shaar*, 21 I. & N. Dec. 541 (BIA 1996), Milosevic argued that the BIA's position that tolling was unavailable violated his rights to due process and equal protection.

In a well-reasoned memorandum, the District Judge rejected Milosevic's arguments. The District Judge concluded that tolling was not applicable because Milosevic's deadline for voluntary departure had already expired when he filed his motion to reopen. For that reason, the Court determined that it did not need to decide Milosevic's constitutional challenges.

Milosevic contends that the District Court erred. We disagree, and for substantially the reasons stated by the District Judge we will affirm. Our conclusion is consistent with our recent holding in *Reynoso-Lopez v. Ashcroft*, 369 F.3d 275, 280 (3d Cir. 2004). There, we held that "because Congress has not provided statutory authority for appellate courts to reinstate or extend the voluntary departure period prescribed by an IJ or the BIA, this Court lacks jurisdiction to reinstate Reynoso's voluntary departure period." We observed that "[w]hether the relief sought . . . is characterized as a

---

[2]The Bureau of Citizenship and Immigration Services is part of the Department of Homeland Security. 6 U.S.C. § 271 (Supp. 2004). The functions of the former Commissioner of Immigration and Naturalization were transferred to the Bureau under the Homeland Security Act of 2002. *Id.*

'reinstatement and extension' of the voluntary departure period or as a 'tolling,' the effect is the same. The INA is clear that this type of relief may only be sought from the district director." *Id.* at 283 (citation omitted). Accordingly, we will affirm the judgment of the District Court denying Milosevic's § 2241 petition.