

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-5-2006

# Escobar v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5175

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Escobar v. Atty Gen USA" (2006). *2006 Decisions.* Paper 484.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/484

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5175
_____

ARAMAYO ROY ESCOBAR, aka Roy A. Escobar,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A43 741 092
on November 16, 2005
Grace A. Sease, Immigration Judge

_____

Submitted Under Third Circuit LAR 34.1(a)
SEPTEMBER 1, 2006

Before:   BARRY, CHAGARES AND COWEN, <u>Circuit Judges</u>.

(Filed: September 5, 2006)
_____

OPINION
_____

PER CURIAM

Roy Escobar petitions for review of an order of the Board of Immigration Appeals

(BIA), dismissing his appeal of a final order of removal. For the reasons that follow, we will grant the petition and remand for further proceedings.

I.

Escobar is a native and citizen of Bolivia. He entered the United States as a lawful permanent resident in 1994. He was convicted of a controlled substance violation under New York law in 2002, and was placed in removal proceedings through issuance of a notice to appear dated July 16, 2003, charging him with removability because his conviction was an aggravated felony and a controlled substance violation. A.R. 192-94. An Immigration Judge (IJ) found him to be removable as charged. The Board of Immigration Appeals (BIA), in an opinion dated August 5, 2005, found the IJ's opinion with regard to whether the conviction constituted an aggravated felony to be "so devoid of factual and legal analysis as to preclude appellate review." A.R. 43. The BIA "remanded to the Immigration Judge for further fact finding and for the entry of a new decision." Id.

On remand, the IJ entered a new decision, stating that Escobar had been convicted of a violation of New York State Penal Law § 220.16(1),[1] for "knowingly and unlawfully possess[ing] a narcotic drug with the intent to sell it." A.R. 37. The IJ then explained the two routes by which a state drug offense could be found to be a drug trafficking crime as

---

[1] Escobar disputes the finding that he was convicted under subsection (1), as will be discussed, infra.

defined by INA § 101(a)(43)(B) [8 U.S.C. § 1101(a)(43)(B)],[2] determined that the crime

Escobar committed would be punishable as a felony under federal law, and thus found

that his crime was an aggravated felony. A.R. 38. The IJ also reaffirmed that Escobar

was also removable for having committed a controlled substance violation. Id.; see INA

§ 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)]. Escobar appealed the portion of the

decision finding him removable as an alien convicted of an aggravated felony, and also

alleged that he was denied due process because the IJ ordered him removed "in absentia."

The BIA found that Escobar's due process rights were not violated, noting that

there was no evidence that the IJ conducted a hearing on remand without Escobar's

presence; rather, the IJ simply issued a written order that was consistent with the BIA's

remand order. A.R. 3. The BIA also noted that Escobar had notice and an opportunity to

be heard on several occasions before the matter was remanded.[3]

The BIA next addressed Escobar's arguments that the conviction records filed by

---

[2] This Court has recognized two routes for determining whether a state drug conviction, for deportation purposes, constitutes an "aggravated felony." Under the first route (referred to as the "illicit trafficking in any controlled substance" route) the drug offense must (1) be a felony under the state law and (2) contain a "'trafficking element'-- i.e., it must involve 'the unlawful trading or dealing of a controlled substance.'" Gerbier v. Holmes, 280 F.3d 297, 305 (3d Cir. 2002). The second route (known as the "hypothetical felony route") requires that the offense, however characterized by the state, be punishable as a felony under the federal Controlled Substances Act. Id. 280 F.3d at 306.

[3] We agree for the reasons stated by the BIA that Escobar's due process rights were not violated by the process provided. Chong v. District Director, 264 F.3d 378, 387 (3d Cir. 2001) (where alien had opportunity to present evidence before IJ and BIA had administrative record before it on review, due process was satisfied).

the Department of Homeland Security (DHS) did not constitute "proof of a criminal conviction." The BIA noted that the documents filed included a criminal information, charging Escobar with "Criminal Possession of a Controlled Substance in the Third Degree (1)", and which states that the defendants "knowingly and unlawfully possessed a narcotic drug, to wit: cocaine, with intent to sell the same." A.R. 183-84. The BIA also noted that the DHS had filed a sentencing and commitment document indicating that Escobar had been convicted under section "220.16" of the New York State Penal Law of "CPCS 3° COCAINE," and reflecting that Escobar had been sentenced to an indeterminate term of 2½ to 7½ years of imprisonment. A.R. 3, 188. The BIA stated that it "affirm[ed] the Immigration Judge's determination that the conviction records filed by the DHS constitute 'proof of a criminal conviction.'" A.R. 3.

The BIA then turned to Escobar's argument that his conviction was not an aggravated felony. It noted that the IJ had made a "factual determination that the respondent was convicted of a violation of section 220.16(1) of the New York Penal Law . . . and such determination is not clearly erroneous." A.R. 4. The BIA noted that 220.16(1) provides that "[a] person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses a narcotic drug with intent to sell it." A.R. 4. The BIA then found that such a conviction was analogous to a conviction under 21 U.S.C. § 841(a)(1) for unlawful possession of a controlled substance with intent to manufacture, distribute or dispense, which is punishable as a felony. The BIA determined that Escobar's conviction is a "drug

4

trafficking crime" as defined in INA § 101(a)(43)(B), and thus an aggravated felony. The BIA concluded that Escobar was therefore ineligible for cancellation of removal under INA § 240A(a) [8 U.S.C. § 1229b(a)].

## II.

We have jurisdiction to review "constitutional claims or questions of law" raised in this petition for review. INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)]. Escobar has raised a legal question, namely, whether his New York conviction qualifies as an aggravated felony. See Tran v. Gonzales, 414 F.3d 464, 467 (3d Cir. 2005) (holding that "[w]e are thus free to consider [petitioner's] purely legal claim that his crime was not, in fact, an aggravated felony under the relevant law.").

Section 101(a)(43)(B) of the INA specifies that an "aggravated felony" includes a drug trafficking crime as defined in 18 U.S.C. § 924(c). Section 924(c)(2) in turn defines a drug trafficking crime to include "any felony punishable under the Controlled Substances Act," 21 U.S.C. § 801 et seq., or other statutes not at issue here. As noted above, a state drug conviction qualifies as an aggravated felony if (1) the state felony conviction had a "trafficking element" or (2) if the state conviction, however characterized (i.e., felony or misdemeanor), hypothetically would be punishable as a felony under federal law. See Gerbier, 280 F.3d at 304.

Because we disagree with the BIA's finding that Escobar was convicted under subsection (1) of § 220.16, we do not agree that Escobar's conviction is an aggravated

5

felony under the second route.[4]  Section 220.16 of the New York Penal Law "proscribes both possession with intent to distribute [in subsection (1)] and mere possession where the quantity of drug meets or exceeds a specified weight."  United States v. Hernandez, 218 F.3d 272, 277 n.2 (3d Cir. 2000).  If Escobar's conviction was for mere possession, then it was not an aggravated felony, because simple possession of a controlled substance is punishable only as a federal misdemeanor.  See Gerbier, 280 F.3d at 305-06; 21 U.S.C. § 844(a).

Generally, when determining whether an alien's conviction is for an aggravated felony, the court may look only to the statutory definition of the offense, and may not consider the particular facts underlying a conviction. See Singh v. Ashcroft, 383 F.3d 144, 147-48 (3d Cir. 2004).  There is, however, an exception to this "categorical" approach that permits a court to look beyond the face of the statute to the charging instrument where the statute of conviction is phrased in the disjunctive. Id. at 162-63; see also Valansi v. Ashcroft, 278 F.3d 203, 214 (3d Cir. 2002) (examining underlying facts where "some, but not all" convictions under statute would qualify as aggravated felony); Taylor v. United States, 495 U.S. 575, 602 (1990).

Here, as the BIA noted, the sentencing and commitment document indicated that

---

[4] The IJ considered whether the statute under which Escobar was convicted contained a "trafficking element," and concluded that it did not.  As the BIA's opinion does not discuss whether the statute contains a "trafficking element," we consider only whether the conviction would qualify as a hypothetical felony.  We note, however, that we agree that "trafficking" is not a necessary element of a conviction under § 220.16.

Escobar had been convicted under section "220.16" of the New York State Penal Law of "CPCS 3° COCAINE." A.R. 188. The document does not, however, designate any particular subsection of 220.16, nor does it state that the conviction was for possession with intent to sell. As the BIA noted, the Criminal Information did charge Escobar with "Criminal Possession of a Controlled Substance in the Third Degree (1)", and stated that the defendants "knowingly and unlawfully possessed a narcotic drug, to wit: cocaine, with intent to sell the same." A.R. 183-84. The Government argues that because Escobar consented to be prosecuted by Criminal Information (which designates subsection (1)), and he was convicted, he necessarily pled guilty to a violation of subsection (1). Respondent's Brief at 20-21. However, Escobar's written waiver of the right to proceed by indictment states that "the Superior Court information filed shall charge the following offense: Criminal Possession of a Controlled Substance in the Third Degree." A.R. 64. The waiver does not mention subsection (1), nor does it mention the "intent to sell" element. Thus, it is not clear that the information in the record reflects the charge to which Escobar finally pleaded guilty. See Hernandez, 218 F.3d at 279 ("Although the indictments do charge the defendant with possession with intent to sell, it is not clear that this is the statutory offense to which the defendant pleaded guilty."); Valansi, 278 F.3d at 214 ("While Valansi pled guilty to the indictment, her specific statements during the colloquy clarified what that plea entailed . . . . We therefore decline to limit our inquiry to the charge as stated in the indictment.").

We hold that the Government did not meet its burden of proof of showing by clear

7

and convincing evidence that Escobar was convicted of an aggravated felony. See INA § 240(c)(3)(A) [8 U.S.C. § 1229a(c)(3)(A)]. Although he is still removable for having committed a controlled substance violation, he is now eligible to be considered for cancellation of removal pursuant to INA § 240A(a) [8 U.S.C. § 1229b(a)].[5] We will grant the petition for review and remand the proceeding to the Board of Immigration Appeals for consideration of Escobar's application for cancellation of removal. See INS v. Ventura, 537 U.S. 12, 17 (2002) (per curiam).[6]

---

[5] The Government is estopped from relitigating whether Escobar's conviction is an aggravated felony. See Duvall v. Attorney General, 436 F.3d 382, 390 (3d Cir. 2006) (INA incorporates common law principles of collateral estoppel).

[6] The motion by Respondent to proceed on the administrative record is granted.