

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2007

# St. Hill v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4191

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"St. Hill v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1413.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1413

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-4191
_____

SIDNEY ST. HILL,

Appellant,

v.

ALBERTO GONZALES, ATTORNEY GENERAL
OF THE UNITED STATES;[*] BICE.

_____

On Appeal From the United States District Court
for the Middle District of Pennsylvania
(No. 03-cv-01315)
District Judge:  Honorable Edwin M. Kosik

Argued January 22, 2007

Before: SCIRICA, *Chief Judge*, FUENTES and CHAGARES, *Circuit Judges*.

(Filed  March 29, 2007)

_____

[*] Because we convert St. Hill's present appeal into a petition for review, we are required to substitute the Attorney General of the United States.  8 U.S.C. § 1252(b)(3)(A).

Alison C. Finnegan, Esq. (Argued)
Deena Jo Schneider, Esq.
Jessica W. Troiano, Esq.
Schnader, Harrison Segal & Lewis LLP
Suite 3600, 1600 Market Street
Philadelphia, PA 19103

Counsel for Petitioner

Daryl F. Bloom, Esq., Assistant U.S. Attorney (Argued)
Thomas A. Marino, Esq., U.S. Attorney
United States Attorney's Office
Middle District of Pennsylvania
228 Walnut Street, Suite 220
Harrisburg, PA 17108

Counsel for Respondents

_____

OPINION OF THE COURT
_____

CHAGARES, *Circuit Judge*.

Before the Court is Sidney St. Hill's ("St. Hill") appeal of the denial of his petition for writ of habeas corpus challenging his final order of removal, and the Government's motion to transfer venue to the United States Court of Appeals for the Second Circuit. For the reasons expressed below, we will grant the motion to transfer. We decline to address the substantive aspects of St. Hill's appeal, leaving that for the proper judicial body.

I.

St. Hill is a native and citizen of Guyana who has lived in the United States as a

2

lawful permanent resident since 1982. Over the next decade, he was convicted of committing four separate crimes under New York law: to wit, a July 11, 1983 conviction for possession of a weapon; a January 29, 1984 conviction for unlawful possession of marijuana pursuant to New York State Penal Law § 221.05, a misdemeanor; a December 10, 1984 conviction for criminal possession of a weapon in the third degree; and a July 22, 1992 conviction for unlawful possession of a controlled substance in the third degree under New York State Penal Law § 220.16(12), a class B felony.

On June 11, 1997, based on the 1984 conviction for possession of marijuana and the 1992 conviction for criminal possession of cocaine, the Immigration and Naturalization Service[1] ("INS") commenced removal proceedings against St. Hill. St. Hill applied for cancellation of removal under Immigration and Nationality Act ("INA") § 240A, 8 U.S.C. § 1229b(a), and for waiver of removal under INA § 212(c), 8 U.S.C. § 1182(c) (now repealed).

On March 18, 1998, an Immigration Judge (IJ) in Fishkill, New York, denied St. Hill's requests for relief and ordered St. Hill removed from the United States to Guyana. The IJ concluded that St. Hill's 1992 conviction was for "a drug trafficking crime" that

_____

[1] The INS ceased to exist as an agency within the Department of Justice on March 1, 2003, and its enforcement functions were transferred to the Bureau of Immigration and Customs Enforcement ("BICE") within the Department of Homeland Security. See Homeland Security Act, Pub. L. No. 107-296, § 441, 116 Stat. 2135, 2192 (2002). For the purposes of our discussion, we will continue to use the appellation INS to refer to BICE.

constituted an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B), and rendered him ineligible for cancellation of removal.

The BIA affirmed by decision of July 11, 2001. The BIA reasoned that under the Controlled Substances Act, 21 U.S.C. § 844(a), a conviction for unlawful possession of a controlled substance that is committed after a prior drug conviction has become final is punishable by a term of imprisonment of up to two years and is thus a felony within the meaning of the Controlled Substances Act.

On March 8, 2002, St. Hill filed a petition for writ of habeas corpus in United States District Court for the Eastern District of New York, challenging the order of removal. In his petition, St. Hill argued that he had not been convicted of an aggravated felony, and that he was entitled to cancellation of removal under 8 U.S.C. § 1229b(a), or alternatively, waiver of removal, under § 212(c), formerly 8 U.S.C. § 1182(c). By order dated November 25, 2002, the District Court vacated the BIA's final order of removal and remanded St. Hill's case to the BIA "for a determination as to whether [St. Hill] is removable from the United States based on his criminal connections [sic] and if so, whether petitioner is eligible for any relief from removal." (A52.) After additional briefing on these issues, the BIA again denied St. Hill's appeal by order dated May 6, 2003. In doing so, the BIA reaffirmed its prior decision regarding the aggravated felony.

In July 2002, St. Hill was released on parole to the custody of the immigration

4

authorities and transferred to Pike County Prison in Lords Valley, Pennsylvania.

Approximately one year later, on August 6, 2003, St. Hill filed a second petition for writ

of habeas corpus, this time in the Middle District of Pennsylvania. The petition

challenged his detention pursuant to the BIA's final orders of removal dated July 11,

2001 and May 6, 2003.

In his petition, St. Hill argued that Third Circuit precedents, namely Steele v.

Blackman, 236 F.3d 130 (3d Cir. 2001) and Gerbier v. Holmes, 280 F.3d 297 (3d Cir.

2002), supported his contention that his July 22, 1992 conviction for unlawful possession

of a controlled substance in the third degree under New York State Penal Law §

220.16(12) was not an aggravated felony. The Pennsylvania District Court disagreed.

Applying Second Circuit precedents, the court concluded that although St. Hill's first

drug conviction constituted merely simple possession and was a misdemeanor under

federal law, the second drug conviction qualified as a drug-trafficking crime and thus an

aggravated felony. By order dated October 21, 2003, the Pennsylvania District Court

denied St. Hill's habeas petition, and affirmed the BIA.

On October 23, 2003, St. Hill filed a notice of appeal of the Pennsylvania decision,

albeit mistakenly, in the Court of Appeals for the Second Circuit. The Second Circuit

Court of Appeals treated St. Hill's notice of appeal as a petition for review from the

BIA's May 2003 decision. Noting only that St. Hill's petition was untimely, the Court

dismissed the appeal on August 23, 2004 for lack of jurisdiction. Following the dismissal

5

of his habeas petition, on September 1, 2004, St. Hill filed a new petition for writ of habeas corpus in the District Court for the Eastern District of New York. In this petition, St. Hill again argued that the BIA erred in classifying his conviction as an aggravated felony. The District Court denied St. Hill's petition on March 30, 2005. St. Hill filed a notice of appeal on June 2, 2005. His appeal to the Court of Appeals for the Second Circuit has been stayed pending our decision here.

On October 25, 2004, St. Hill participated in a telephone conference with the District Court for the Eastern District of New York and counsel for the Government, during which it became clear that St. Hill mistakenly filed his appeal from the October 21, 2003 decision of the Middle District of Pennsylvania in the Court of Appeals for the Second Circuit. Thereafter, on October 28, 2004, St. Hill filed a notice of appeal in Pennsylvania, in which he requested an extension of time pursuant to F. R. APP. P. 4(a). By order dated November 2, 2004, the Pennsylvania District Court granted St. Hill's motion for an extension of time, permitting him to file his appeal *nunc pro tunc*.[2]

## II.

Our jurisdiction over this matter is a threshold issue. Prior to May 11, 2005, an

---

[2] St. Hill submitted an informal brief *pro se* on January 21, 2005; the Government responded on March 22, 2005 and St. Hill filed a timely reply on March 29, 2005. The case was calendared before a merits panel on May 24, 2005. However, on October 20, 2005, this Court appointed counsel for St. Hill. Counsel for St. Hill was accorded a new briefing schedule.

We take this opportunity to express our gratitude for appointed counsel's exemplary representation of St. Hill in this case.

alien could challenge an order of removal in a petition for writ of habeas corpus filed in the district court under 28 U.S.C. § 2241. Duvall v. Attorney General, 436 F.3d 382, 386 (3d Cir. 2006) (citing INS v. St. Cyr, 533 U.S. 289, 292 (2001)). While St. Hill's appeal was pending, however, Congress enacted the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005), which divests district courts of jurisdiction over challenges to orders of removal. The REAL ID Act mandates that habeas corpus petitions challenging orders of removal pending in district courts are to be converted to petitions for review and transferred to the appropriate court of appeals. REAL ID Act of 2005, Pub. L. No. 109-13, § 106(c), 119 Stat. 231, 311 (2005). The appropriate court of appeals is the one encompassing the jurisdiction where "the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2); Bonhometre v. Gonzales, 414 F.3d 442, 446 n.5 (3d Cir. 2005). As noted above, St. Hill's immigration proceedings took place in New York, and in a proceeding currently stayed before the Court of Appeals for the Second Circuit, St. Hill appeals parallel issues regarding his prior drug convictions and his eligibility for cancellation of removal.

Congress was silent regarding whether an appeal from a district court habeas decision pending before a court of appeals at the time of the enactment of the REAL ID Act should be converted into petitions for review. Bonhometre, 414 F.3d at 446. After considering this lack of congressional direction, we have determined that such appeals should likewise be converted into petitions for review. Duvall, 436 F.3d at 386;

7

<u>Bonhometre</u>, 414 F.3d at 446. Thus, St. Hill's appeal of the District Court's denial of his petition for habeas relief is properly converted into a petition for review of the BIA's final order of removal.

St. Hill asserts that we should retain jurisdiction over his now-converted petition for review instead of transferring it to the Court of Appeals for the Second Circuit. Like St. Hill, Bonhometre's immigration proceedings were completed outside the jurisdiction of this Circuit. Although we acknowledged that "some habeas petitions pending before the district courts of this Circuit may not be properly before us as converted-petitions for review," <u>Bonhometre</u>, 414 F.3d at 446 n.5 (citing 8 U.S.C. § 1252(b)(2) (1999)), we nonetheless retained jurisdiction over Bonhometre's petition. We reasoned that after waiting such a long time for the resolution of his claims, "it would be a manifest injustice to now transfer this case to another court for duplicative proceedings." <u>Id.</u> Aligning himself with <u>Bonhometre</u>, St. Hill seeks similar treatment of his case.

With the enactment of the REAL ID Act, Congress sought to further streamline what it perceived to be piecemeal review of orders of removal. <u>See</u> H.R. Rep. No. 109-72, at 173-75 (2005), *reprinted in* 2005 U.S.C.C.A.N. 240, 298-299. Not only must we abide by the express statutory command that petitions for review shall be transferred to the appropriate court of appeals but also here, interests of judicial economy mandate that we transfer this case. What distinguishes this case from <u>Bonhometre</u> is St. Hill's stayed petition on appeal. In <u>Bonhometre</u>, there was no indication that any court within the First

8

Circuit – district or appellate – had taken an appeal or engaged in any review of the BIA decision. Therefore, rather than accrue more delay in transferring the case where the whole review process would necessarily have to begin from inception, we retained jurisdiction out of concern that further delay would cause manifest injustice. Unlike Bonhometre, however, St. Hill has court-appointed counsel ready to proceed in New York; the case has been accepted for review; and without a doubt, it will proceed expeditiously upon transfer. Finally, as it is clear that Second Circuit law governs the converted petition for review, a fact recognized by the Pennsylvania District Court, transfer is merited out of consideration for our sister Circuit's greater expertise in the application and analysis of the laws of New York.

## III.

Accordingly, we will grant the Government's motion to transfer venue to the Court of Appeals for the Second Circuit.