**Venty Pricillia TJEN, Petitioner,**

v.

**ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.**

No. 06–3376.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit
LAR 34.1(a) on Sept. 24, 2007.

Opinion filed Jan. 2, 2008.

Eric C. Spero, Philadelphia, PA, for Petitioner.

Edward J. Duffy, Ada E. Bosque, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: AMBRO, JORDAN and ROTH, Circuit Judges.

OPINION

ROTH, Circuit Judge.

Venty Pricillia Tjen petitions for review of the order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture. We will deny the petition because substantial evidence in the record supports the Immigration Judge's conclusions.

Tjen, a native and citizen of Indonesia, arrived in the United States in January 2001. She filed for asylum and withholding of removal on July 13, 2001. In an October 10, 2001, Notice to Appear, the U.S. Government charged Tjen with being subject to removal. A merits hearing was held on December 2, 2004. The IJ denied all of Tjen's claims.

Tjen's application was based on her ethnicity (Chinese) and religion (Christian). Tjen claimed generally in her application that, in Indonesia, Chinese Christians were frequently tortured and murdered and the government did little to address the issue. In her petition and at the merits hearing, Tjen attested to having been harassed when going to school or church. More specifically, Tjen testified that, during the May 1998 riots in Indonesia, she was dismissed from work early, she heard chanting against Chinese Indonesians, and her father's ceramics store was burned. Her family did not report the arson to the police because at first the situation was too chaotic and later just did not think about doing so. Her family later established a cake-baking business.

When the IJ asked Tjen to describe the "worst thing" that she had experienced, she responded, "[N]othing personal happened to me." Tjen stated that Chinese Christians are targeted in Indonesia, however. She explained that she feared re-

turning to Indonesia because she is afraid that "it will happen and I cannot predict it."

The IJ found Tjen credible but concluded that she had not demonstrated either past persecution or a well-founded fear of persecution. The IJ also found that Tjen had failed to establish eligibility for protection under the Convention Against Torture.

The BIA adopted the IJ's decision without opinion. Tjen petitioned for review of the BIA's decision.

We have jurisdiction over Tjen's appeal under 8 U.S.C. § 1252(a)(1). Where, as here, the BIA affirms the decision of an Immigration Judge without opinion, we review the IJ's decision as if it were the decision of the Board. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir.2003). Questions of law are reviewed *de novo. Gerbier v. Holmes*, 280 F.3d 297, 302 n. 2 (3d Cir. 2002). The agency's factual findings are upheld if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). We will reverse only if "the evidence not only supports [a contrary] conclusion, but *compels* it." *Elias–Zacarias*, 502 U.S. at 481 n. 1, 112 S.Ct. 812; *see also* 8 U.S.C. § 1254(b)(4)(B). For us to grant Tjen's petition with respect to the denial of her asylum claim, she must show that the evidence she presented was such that a reasonable factfinder would have to conclude that the requisite past persecution or fear of persecution existed. *Elias–Zacarias*, 502 U.S. at 478, 112 S.Ct. 812.

To establish eligibility for asylum, an alien must demonstrate past persecution by substantial evidence or a well-founded fear of persecution that is both subjectively and objectively reasonable. *Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir.2005). To

meet the subjective prong, the alien must demonstrate through credible testimony that her fear is genuine. *Id.* To satisfy the objective prong, she "must show she would be individually singled out for persecution or demonstrate that 'there is a pattern or practice in ... her country of nationality ... of persecution of a group of persons similarly situated' " on account of one of the five factors. *Id.* (quoting 8 C.F.R. § 208.13(b)(2)(iii)(A)). To be a "pattern or practice," persecution must be "systemic, pervasive, or organized." *Lie*, 396 F.3d at 538. A showing of past persecution gives rise to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1).

The IJ found that Tjen had established neither past persecution nor a well-founded fear of persecution. The record does not compel us to reach a different conclusion.

Tjen argues that the ridicule, harassment, and violence she and her family experienced, as well as the destruction of her family's store, constitute past persecution. She claims that these incidents were motivated by her ethnicity and religion. While the IJ concluded that the harm that Tjen faced was "not sufficiently extreme" to constitute persecution, she argues that these incidents rise to the level of persecution because they "traumatized [her] emotionally and permanently."

The evidence on this record does not compel us to find that Tjen established that she suffered past persecution. The record similarly does not compel us to overturn the IJ's determination that Tjen failed to establish a well-founded fear of persecution. The evidence does not mandate a finding that Tjen would be individually singled out for persecution just because she is a Chinese Christian. *See Lie*, 396 F.3d at 538 ("[T]here is little evidence that [petitioner] would face an individual-

ized risk of persecution any more severe than that faced by her family members or other Chinese Christians in Indonesia."). Moreover, the fact that Tjen's family still resides in Indonesia further undermines the reasonableness of her fear. *Id.*

Nor does the record establish that there is a pattern or practice of persecution of Chinese Christians by a state actor or with state acquiescence in Indonesia. As the IJ noted, the State Department reports indicate that incidents targeting Chinese Christian individuals and institutions continue to occur. But, as the IJ also found, those reports indicate that the frequency and degree of violence of such incidents is decreasing, and the Indonesian government has made some effort to maintain civil order.[1]

Tjen also argues that she is eligible for withholding and protection under the Convention Against Torture because she "has established that it is more likely than not that [she] would be persecuted and tortured once he [*sic*] goes back to Indonesia." Withholding of removal is appropriate only if there is a "clear probability" that the alien's life or freedom would be threatened upon her removal to a particular country. 8 U.S.C. § 1231(b)(3). This "clear probability" standard is stricter than the "well-founded fear" standard. *Zubeda v. Ashcroft,* 333 F.3d 463, 469–70 (3d Cir.2003). Having found that the IJ's determination that Tjen failed to establish a well-founded fear of persecution was supported by substantial evidence, we will uphold the determination that she failed to establish that she met the standard for withholding of removal.

The government argues that Tjen waived her claims under the Convention Against Torture because she did not otherwise specifically address those claims. *Lie,* 396 F.3d at 532 n. 1. However, even if Tjen has not waived her claim, the evidence does not compel us to disturb the IJ's finding that she failed to show that she would more likely than not be tortured if she returned to Indonesia.

For the reasons set forth above, we will **deny** Tjen's petition for review.

---

1. The case that Tjen relies on to support her fear of persecution, *Lolong v. Gonzales,* 400 F.3d 1215 (9th Cir.2005), has been overturned since briefing. *Lolong v. Gonzales,* 484 F.3d 1173 (9th Cir.2007). On rehearing in *Lolong,* the Ninth Circuit upheld the BIA's denial of asylum to an ethnic Chinese Christian from Indonesia, noting that the record supported a conclusion that the applicant had not shown that the Indonesian government was unable or unwilling to control the perpetrators of ethnic and religious violence. 484 F.3d at 1180–81.