

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-20-2009

# Martins v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4350

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Martins v. Atty Gen USA" (2009). *2009 Decisions.* Paper 2015.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2015

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4350

ADEVANILTON LEDSON MARTINS,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent

On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A97-438-772
(U.S. Immigration Judge: Honorable Daniel A. Meisner)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2008

Before: SCIRICA, Chief Judge, FUENTES and HARDIMAN, Circuit Judges.

(Filed: January 20, 2009)

OPINION OF THE COURT

SCIRICA, Chief Judge.

Adevanilton Ledson Martins, a native and citizen of Brazil, called the police when

he became worried that smugglers were going to harm his sister, who had recently entered

the United States. The police told him to go to the police station to file a report and provide additional information. Based on the information that Martins supplied, police arrested the smugglers and rescued his sister. The police also contacted immigration officials. As Martins was providing a statement to assist in the anticipated prosecution of the smugglers, he revealed that he was present in the United States illegally. The Government charged Martins with removability for being present without being inspected, admitted, or paroled.

At his hearing before an Immigration Judge ("IJ"), Martins invoked the Fifth Amendment on the advice of counsel and declined to address the Government's allegations relating to his alienage, date of arrival in the United States, and whether he had been admitted or paroled. Although Martins sought to suppress the Government's evidence, the Government presented the affidavit of the immigration agent who interviewed Martins, a completed Form I-213, Record of Deportable Alien, and a police report. Also, the immigration agent testified.

The IJ held the exclusionary rule inapplicable and concluded that Martins was removable based on the Government's evidence. The IJ rejected Martins's argument that he should have been provided with a translator because he did not understand English well enough to understand what was happening. The IJ also rejected Martins's other arguments about egregious violations of the Fifth Amendment. Because Martins had not applied for any relief from removal, the IJ ordered him removed to Brazil.

Martins appealed to the Board of Immigration Appeals ("BIA"). At first, the BIA made a mistake and dismissed Martins's appeal as untimely filed. After Martins filed a motion to reopen, the BIA considered his appeal on the merits.[1] The BIA adopted and affirmed the IJ's decision, specifically approving the conclusions that the Form 213 established Martins's removability and that the exclusionary rule did not apply to suppress the information in the form. In addition, the BIA rejected Martins's claims based on violations of the New Jersey constitution and the Vienna Convention, the failure to provide a translator, other allegedly egregious conduct by the police and immigrations agents, the IJ's decision to disallow Martins from conferring with his attorney during a short break in testimony, the IJ's purported belligerence, and "all of [Martins's] arguments on appeal." R. 2-4. Martins presents a petition for review.[2]

---

[1]In his appeal before us, Martins argues that the BIA improperly refused to refund the fee he paid to reopen the appeal. He essentially contends that the BIA violated its own regulation that no fee is due when a motion is agreed on by all parties and is jointly filed. See 8 C.F.R. § 1003.8(vii). We agree. In keeping the fee, the BIA erred in concluding that Martins's motion was not a true joint motion. Although it was not signed by both parties at the time of its filing because of an administrative backlog, the motion was a joint motion. The BIA did not address the circumstances of the motion's filing in its decision, but it is clear that the parties agreed to file the joint motion because of a filing error by the BIA. Martins is entitled to a refund of his $110 filing fee.

[2]In addition to his opening and reply briefs, a statement regarding oral argument, and a letter pursuant to Rule 28(j), Martins has filed a motion for leave to supplement the certified administrative record, a motion for leave to file his supplement in camera, and a request for limited discovery. After Martins submitted his proposed supplement without serving the Government, the Government objected. In response, Martins asks that we reject the Government's filing as procedurally invalid and consider sanctioning the Government. As we have considered Martins's motions, we have considered the

(continued...)

3

We have jurisdiction over Martins's petition pursuant to 8 U.S.C. § 1252. In reviewing the BIA's and IJ's decisions, see Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004), we consider questions of law de novo. See Gerbier v. Holmes, 280 F.3d 297, 302 n.2 (3d Cir. 2001). We review factual findings for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005).

Martins raises many issues in his lengthy brief. Although we have considered all of them, we will only address in detail the most salient. The first issue is whether the IJ should have suppressed the evidence gathered by the police and the immigration officer in interviews with Martins. Absent "egregious violations of the Fourth Amendment or other liberties that might transgress notions of fundamental fairness and undermine the probative value of the evidence obtained," the exclusionary rule does not apply in civil deportation hearings. INS v. Lopez-Mendoza, 468 U.S. 1032, 1051 (1984). The fairly ordinary conditions under which Martins was interviewed after he sought help from the police certainly do not threaten concerns of fundamental fairness or create a risk that the value of the evidence he provided would be diminished.[3] Cf. id. Although Martins also

---

[2](...continued)
Government's objection. For reasons unrelated to the Government's objection, we will not accept Martins's supplement. See 8 U.S.C. § 1252(b)(4)(A) (providing that a court of appeals ordinarily must decide a petition for review only on the administrative record); see also Berishaj v. Ashcroft, 378 F.3d 314, 328 (3d Cir. 2004) ("It is a salutary principle of administrative law review that the reviewing court acts upon a closed record."). We also decline Martins's invitation to sanction the Government.

[3]There are, of course, policy reasons for not inquiring about or investigating the
(continued...)

4

complained that an interpreter was not available during his interview, the evidence in the record supports the BIA's conclusion that Martins, who speaks English, never indicated any need to use an interpreter who was present. Also, there is evidence in the record that Martins was apprised of his <u>Miranda</u> rights and his rights under the Vienna Convention.[4]

Second, we consider Martins's arguments about procedural impropriety in the hearing before the IJ. Among other things, Martins contended that he was deprived of the assistance of counsel when the IJ barred him from talking to his lawyer during a break in the proceedings. The bare record does not reveal that the IJ ordered Martins not to talk to his lawyer. R. 284. However, even if the IJ prevented Martins from consulting with counsel at that time, Martins has not shown how he was prejudiced. Specifically, he has not revealed how communicating with his attorney could have changed the result based on his admissions to authorities. Similarly, Martins does not show any prejudice from any attempt by the IJ to elicit testimony about Martins's alienage from him. Martins invoked the Fifth Amendment and declined to answer any questions, and the IJ relied on evidence provided by the Government to find Martins removable. On a related note,

---

[3](...continued)
immigration status of crime victims or witnesses, as the New Jersey Attorney General recently recognized. Appellant's Letter pursuant to Rule 28(j).

[4]In regards to the latter, even if Martins did have a judicially enforceable right under Article 36 of the Vienna Convention, suppression of the evidence would not be an appropriate remedy for its violation. <u>See</u> <u>Sanchez-Llamas v. Oregon</u>, 548 U.S. 331, 337 (2006).

Martins did not suffer prejudice from any minor changes made to the IJ's decision without his notice.

Lastly, we visit Martins's claims of procedural errors by the BIA. Martins contends that the BIA did not consider all of his motions and arguments. We do not agree. The BIA "'is not required to write an exegesis on every contention,' . . . but only to show that it has reviewed the record and grasped the movant's claims." Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002). The BIA provided sufficient review when it adopted the IJ's decision, addressed Martins's main contentions, and also noted that it had considered all of Martins's arguments on appeal. Despite Martins's contention to the contrary, the BIA was not obligated to refer his case to a three-member panel. See generally Purveegiin v. Gonzales, 448 F.3d 684, 693 (3d Cir. 2006) (discussing cases appropriate for a one-member panel).

For the reasons given above, and because we conclude that Martins's remaining issues are without merit, we deny his petition for review in large part. We grant his petition only to the extent that Martins seeks a refund of the fee he paid to the BIA to reopen his appeal. The BIA is directed to refund the $110 filing fee within 30 days of the date of this decision. Lastly, we deny Martins's pending motions.