OPINION
PER CURIAM.
Khurram Afzal, a citizen of Pakistan, entered the United States as a visitor in October 2003. He overstayed his visa, and the Government charged him with remova-bility. Afzal conceded the charge and filed an application for asylum, withholding, and relief under the Convention Against Torture (CAT).[1] He claimed that he suffered persecution at the hands of his father-in-law, a police officer, on the basis of his Ahmadi religion and social group.[2]
The Immigration Judge (“IJ”) disbelieved Afzal’s account. Based on the testimony at the hearing, the documents in the record, and the lack of evidence from Af-zal’s wife, the IJ concluded that Afzal’s conflict with his father-in-law was unrelated to Ahmadiyya. The IJ was also concerned that there might be open criminal charges against Afzal in Pakistan. The IJ denied Afzal’s applications for relief from removal because without credible testimony, Afzal did not meet his burdens of proof.
Afzal appealed to the Board of Immigration Appeals (“BIA”). The BIA found no clear error in the IJ’s determination that Afzal did not testify credibly in support of his claims, pointing out inconsistencies between Afzal’s application and testimony and other evidence in the record. The BIA also cited the lack of corroboration from Afzal’s wife as support for the decision. The BIA dismissed Afzal’s appeal.
Afzal presents a petition for review. We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA relied on the IJ’s reasoning, we review the decisions of the BIA and the IJ. See Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004). We consider questions of law de novo. See Gerbier v. Holmes, 280 F.3d 297, 302 n. 2 (3d Cir.2002). We review factual findings, including an adverse credibility finding, for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir.2005). We evaluate whether a credibility determination was “appropriately based on inconsistent statements, contradictory evidences, *837 and inherently improbable testimony ... in view of the background evidence of country conditions.” Chen, 376 F.3d at 223. We afford an adverse credibility finding substantial deference, so long as the finding is supported by sufficient, cogent reasons. See Butt, 429 F.3d at 434.
Because the adverse credibility determination in this case was supported by sufficient, cogent reasons, we will deny the petition for review. In his counseled asylum application, Afzal wrote that he is “active member of the Ahmadi sect of Muslim religion.” R. 27. He also stated that he follows Ahmadi beliefs. See id. Elsewhere, he wrote that he is “part of’ the Ahmadi religion. R. 378. All of these statements conflict with his testimony that he is not an Ahmadi. R. 95. Although Afzal said that he has Ahmadi friends, has heard Ahmadi sermons, and has paid dues to the group, he testified that he is not part of the Ahmadi group. Id. at 75, 95-97. He further specified that he did not say his prayers in an Ahmadi mosque. Id. at 96. Also, Afzal has a passport as a Muslim. The Pakistani government requires anyone who receives a passport as a Muslim to denounce the founder of the Ahmadi faith. Id. 349. Afzal has not converted to the Ahmadi faith while he has been in the United States although he said that he plans to convert and explained that he had health problems that interfered with his activities (although he has been able to work when he needed money). Id. at 104-07.
Furthermore, as the IJ and BIA explained, Afzal’s explanation for his arrest in Pakistan (that it was instituted by his father-in-law because of Afzal’s interest in Ahmadiyya) is undermined by other evidence in the record. Afzal himself provided other reasons for his conflict with his father-in-law, including that his father-in-law owed him money and did not want to pay it back. R. 98, 103. As the IJ noted, Afzal’s father’s affidavit, which did not mention Afzal’s interest in Ahmadiyya, is evidence that the dispute and resulting arrest stemmed from Afzal’s father-in-law’s response to demands for repayment. R. 98; 261. An account from someone who passed by the scene of the commotion is similar, noting the conflict over money. R. 283. Other evidence supports another reason Afzal gave, that his father-in-law expected him to go to England with his wife and Afzal refused to go. R. 103. Also in the record is a document that appears to be a police report. R. 285. In that report, Afzal is described as coming with two others, brandishing weapons and threatening harm, to his father-in-law’s house, where his wife was living because of “constrained relations” with Afzal. R. 285. As the IJ noted, it is not clear from the record if the Pakistani criminal case against Afzal was ever resolved.
The inconsistencies in the record provide a sufficient basis for the adverse credibility determination and the rejection of Afzal’s claims for relief. The IJ did not engage in “wholesale nitpicking,” as Afzal argues in his brief (citing the distinguishable case of Cham v. Attorney Gen. of the United States, 445 F.3d 683, 691 (3d Cir.2006)).
The IJ and BIA also noted Afzal’s failure to provide corroboration from his wife.[3] To the extent that the IJ and the BIA required corroboration, the require *838 ment was reasonable. Although Afzal has resumed communicating with his wife, R. 93, and submitted to the IJ a love note she purportedly sent him, R. 254-56, he did not provide a statement from her to corroborate his account. Under Abdulai v. Ashcroft, the agency must 1) identify the facts for which it is reasonable to expect corroboration; 2) inquire as to whether the applicant has provided information corroborating the relevant facts; and, if he or she has not, 3) analyze whether the applicant has adequately explained his or her failure to do so. See 239 F.3d 542, 554 (3d Cir.2001). It was reasonable to expect Afzal to provide a statement from his wife, who would know of any history of her father’s displeasure with Afzal’s faith, who was at her parents’ house when the conflict ensued, and who speaks on the phone and corresponds with Afzal. Afzal’s only explanation for the lack of corroboration from his wife is Afzal’s statement that his attorney did not tell him he needed information from her. R. 94.
In short, because substantial evidence supports the determination that Afzal did not provide credible testimony to meet his burden of proof for asylum, withholding, or CAT relief, we will deny his petition for review.

. The Government argues that Afzal does not continue to pursue his claim for withholding under the CAT. However, we do not read his brief on appeal to waive the issue, as it includes specific references to his claim for CAT relief, the standard for an award of CAT relief, and a challenge to the basis for the agency's denial of CAT relief. See, e.g., Appellant's Brief 3 & n. 1, 9, 17-18.

. Ahmadis consider themselves to be Muslim; however, the Government of Pakistan views them as a non-Muslim minority. R. 349.

. The BIA seemed to mention corroboration as an aside. However, although the BIA and IJ discussed the lack of corroboration separately from the inconsistencies in Afzal's account, part of their discussions suggests that they conflated the credibility and corroboration analysis somewhat. Nonetheless, the basis for the BIA's ultimate decision is Afzal's failure to provide credible testimony, R. 2, a basis supported by substantial evidence in the record. Cf. Obale v. Attorney Gen. of the United States, 453 F.3d 151, 163 (3d Cir.2006).