OPINION
PER CURIAM.
Yong Ho Liu, a native and citizen of the People’s Republic of China, entered the United States at or near Miami, Florida, in September 2002, without a valid immigrant visa, and applied for entry as an immigrant. The Government charged him as removable. Liu conceded the charge, but applied for asylum, withholding, and protection under the Convention Against Torture (“CAT”) based on his and his wife’s experiences with China’s population control policies.
The Immigration Judge (“IJ”) denied his applications on the basis of an adverse credibility determination. Liu appealed to the Board of Immigration Appeals (“BIA”), challenging the credibility finding and raising a due process claim (which we will discuss below). The BIA dismissed his appeal. Liu presents a petition for review.
We have jurisdiction over Liu’s petition for review pursuant to 8 U.S.C. § 1252(a). We review the decisions of the IJ and the BIA. See Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004). We consider questions of law de novo. See Gerbier v. Holmes, 280 F.3d 297, 302 n. 2 (3d Cir.2002). We review factual findings, including adverse credibility determinations, for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir.2005). We evaluate whether a credibility determination was “appropriately based on inconsistent statements, contradictory evidences, and inherently improbable testimony ... in view of the background evidence of country conditions.” Chen, 376 F.3d at 223. We afford an adverse credibility finding substantial deference, so long as the finding is supported by sufficient, cogent reasons. See Butt, 429 F.3d at 434. Because the adverse credibility determination in this case was supported by sufficient, cogent reasons, we will deny the petition for review.
First, there is a significant inconsistency between Liu’s initial account of the basis for his claim for relief from removal in his airport interview and his subsequent accounts of the same incident. We recognize that we have cautioned against putting too much weight on the airport interview, especially when the IJ and BIA are without information about how the interview was conducted. See, e.g., Chen, 376 F.3d at 223-24. However, discrepancies between an airport interview and a petitioner’s testimony that go to the heart of the claim may support an adverse credibility determination. See id.
In this case, at his airport interview, Liu stated that the incidents on which his applications for relief were largely based, namely the forced sterilization of his wife and forced abortion while she was pregnant, occurred two years ago before his arrival in the United States. Then, in his *317 credible fear interview, Liu stated that the forced abortion and sterilization took place when his wife was pregnant with their fourth child, about one year before his arrival in the United States. Later, in his application and during his testimony, he claimed that the events occurred in 1994, which would be eight years before his arrival in the United States. We conclude that the variously reported times for such a significant event at the heart of his claim support the adverse credibility determination in this case.
We note that Liu testified that he had been nervous and that he did not understand the questions because he was interviewed in Mandarin at the airport, but his explanation does not change our determination. Liu’s answers in the interview were responsive to the questions asked, and he verified before the IJ that other answers were correct. He also stated during the airport interview that he understood the questions in Mandarin.
Furthermore, during Liu’s testimony, his attorney had to ask him several times to explain what happened to his wife before Liu described the forced abortion in addition to the forced sterilization. Before his attorney asked specifically “what happened to the baby,” Liu only reported his wife’s sterilization.
Also, at best, the documentary evidence, such as the picture purporting to be of Liu’s wife bearing a scar consistent with a sterilization procedure, supports Liu’s claim that his wife was sterilized. However, it does not necessarily support Liu’s claim that his wife was involuntarily sterilized. Moreover, the inconsistencies between the documentary evidence and the testimony support the adverse credibility determination. Specifically, when the Government investigated the documents that Liu submitted in support of his claim, the birth control operation certificate was found to be counterfeit (a separately submitted fine receipt was found to be authentic, but Liu’s payment of an unplanned birth fine alone does not amount to past persecution in this case). The certificate had a counterfeit stamp and bore the name of a doctor never employed by the hospital. (Moreover, the certificate, even if it had been found to be authentic, also only supports a claim that Liu’s wife was sterilized; abortion, another option on the document, was not marked off.)
Liu protests that the IJ and the BIA improperly, and in violation of his right to due process, considered the results of the investigation of his documents. The Federal Rules of Evidence do not apply in immigration proceedings; however, evidence must be probative and used in a fundamentally fair manner to satisfy concerns of due process. See Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir.2003). In Ezeagwuna, on which Liu relies,[1] we were troubled by, and repudiated, “multiple hearsay of the most troubling kind.” See id. at 406. However, the evidence and the circumstances surrounding the presentation of the evidence in this case is distinguishable from the circumstances in Eze-agwuna. First, unlike in Ezeagwuna, see id., the petitioner had ample time to consider the results of the investigation; the report was presented to Liu almost two years in advance of his hearing. Second, unlike in Ezeagwuna, see id. at 406-08, the investigator directly communicated with the local officials who provided information for the report, and the investigator explained how she conducted the inquiry. Through her involvement, she could evaluate the credibility of the immediately pre *318 ceding declarants, also unlike the speaker in Ezeagwuna, see id. at 406. In short, under the circumstances of this case, there were sufficient indicia of reliability and trustworthiness such that Liu’s due process rights were not violated by the admission of the report into evidence or the agency’s reliance on it.
In conclusion, there were inconsistencies between Liu’s testimony and his earlier accounts of his and his wife’s experiences in China, inconsistencies between his testimony and the documentary evidence, and evidence that Liu submitted counterfeit documents. Accordingly, there are sufficient, cogent reasons for the adverse credibility finding in this case, and the evidence in the record does not compel a conclusion contrary to that reached by the agency. We therefore will deny the petition for review.

. Although Liu also relies on Joseph v. Attorney Gen. of the United States, we did not address the due process issue in that case. See 421 F.3d 224, 234 n. 18 (3d Cir.2005).