**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 09-4074 & 10-2820
_____

HERLINA BINTORO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petitions for Review of Orders of the
Board of Immigration Appeals
(Agency No. A97-752-718)
Immigration Judge:   Honorable Charles A. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2010

Before: BARRY, GREENAWAY, JR.   and STAPLETON, <u>Circuit</u> <u>Judges</u>

( filed: October 7, 2010   )
_____

OPINION
_____

PER CURIAM

        Herlina Bintoro, a native and citizen of Indonesia, entered the United States as a

visitor in July 2000.   After she overstayed her visitor's visa, the Government charged

her with removability.   Bintoro conceded the charge and sought withholding of removal based on her experiences as an ethnically Chinese Catholic in Indonesia.[1]   The Immigration Judge ("IJ") denied her application; the Board of Immigration Appeals ("BIA") dismissed Bintoro's appeal.[2]   Bintoro filed a petition for review.   She subsequently filed a motion to reopen.   After the BIA denied the motion, she filed another petition for review.   Her cases have been consolidated for disposition.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a).   Questions of law are reviewed de novo, see Gerbier v. Holmes, 280 F.3d 297, 302 n.2 (3d Cir. 2001), while factual findings are reviewed for substantial evidence, see Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005).   Review of the BIA's decision to deny the motion to reopen is under a highly deferential abuse of discretion standard. See Guo v. Ashcroft, 386 F. 3d 556, 562 ( 3d Cir. 2004).   The discretionary decision is not disturbed unless it is found to be arbitrary, irrational or contrary to law.   See id.

On appeal, Bintoro argues that the BIA erred by failing to apply the correct standard in reaching the conclusion that she did not suffer past persecution; by acting as a fact-finder; and by concluding that she had not demonstrated that it is more likely than not that she would be singled out for persecution or that there is a pattern or practice of persecution in Indonesia.   She also contends that the decision to deny her

---

[1]   Initially, Bintoro also sought asylum and protection under the Convention Against Torture, but she withdrew those applications at her hearing.

[2]   As the parties are familiar with the procedural history of the case, we gloss over its exact details.   However, although we do not describe the problem with the transcription, we note that it was resolved with the stipulation of the parties and the IJ's consideration of additional updates and reissuance of his decision.

motion to reopen was an abuse of discretion based on errors of fact and law. The Government counters that Bintoro did not exhaust the issue of past persecution before the BIA and that the BIA did not consider the issue sufficiently such that we would have jurisdiction over the issue. The Government alternatively argues that Bintoro did not prove past persecution. The Government also contends that Bintoro did not show a probability of future persecution and disputes that the BIA acted as a fact-finder or erred in denying the motion to reopen.

At her hearing, Bintoro conceded that she had not suffered past persecution, and the IJ made note of the concession. In light of the concession, and because of his "independent analysis" of the issue, the IJ determined that Bintoro had not shown past persecution. The BIA "agree[d] with the [IJ] that the past harm [Bintoro] suffered in Indonesia does not rise to the level of persecution," and cited cases (with parenthetical explanations) to support its conclusion. Because the BIA considered the issue of past persecution, we have jurisdiction over it. See Bin Lin v. Attorney Gen. of the United States, 543 F.3d 114, 123-24 & n.7 (3d Cir. 2008) (stating, among other things, that "the BIA's consideration of an issue is sufficient to provide us with jurisdiction over that issue").

We disagree with Bintoro's claim that the BIA failed to apply the correct standard in considering the issue of past persecution. In ruling, the BIA applied, among other things, one of our cases (Lie v. Ashcroft, 396 F. 3d 530 (3d Cir. 2005)) that set forth the standard for judging a claim of past persecution. Furthermore, the conclusion that

Bintoro had not shown past persecution based on claims of discrimination and harassment and once being accosted by a knife-wielding Indonesian man in 1977 follows from an application of Lie (as well as our other precedent). See Lie, 396 F.3d at 536-37 (holding that "two isolated criminal acts, perpetrated by unknown assailants, . . . [are] not sufficiently severe to be considered persecution"); see also Jarbough v. Attorney Gen. of the United States, 483 F. 3d 184, 191 (3d Cir. 2007) ("Abusive treatment and harassment, while always deplorable, may not rise to the level of persecution."); Chen v. Ashcroft, 381 F. 3d 221, 233 n.20 (3d Cir. 2004) (noting that courts routinely deny immigration relief to persons "who suffer racial discrimination that falls short of persecution.").

We also hold that the BIA did not err in concluding that Bintoro had not demonstrated that it is more likely than not that she would be singled out for persecution or that there is a pattern or practice of persecution in Indonesia. Cf. Wong v. Attorney Gen. of the United States, 539 F.3d 225, 234 (3d Cir. 2008); Lie, 396 F.3d at 537-38; Sukwanputra v. Gonzales, 434 F.3d 627, 637 n.10 (3d Cir. 2006). Also, there is no evidence in the record that the BIA improperly found facts in coming to this or its other conclusions.

Lastly, we conclude that the BIA did not abuse its discretion in denying Bintoro's motion to reopen. The BIA rejected the statement supplied by Bintoro's husband in support of her motion on the basis that his description of the incident was inconsistent with Bintoro's description of the incident. The BIA's decision was not at variance with

the facts in the record or the law, <u>see</u> <u>Siewe v. Gonzales</u>, 480 F.3d 160, 170 (2d Cir. 2007) (holding that "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence").   Besides, as the BIA concluded, Bintoro's other evidence was cumulative of information already in the record.

For these reasons, we will deny the petitions for review.