NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2387
_____

UNITED STATES OF AMERICA

v.

KEENAN BLACK,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-11-cr-00045-4)
District Judge:  Hon. Arthur J. Schwab
_____

Submitted Under Third Circuit LAR 34.1(a)
March 4, 2014

Before:  McKEE, *Chief Judge*, AMBRO AND JORDAN, *Circuit Judges*.

(Filed: March 5, 2014 )
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Keenan Black appeals the sentence imposed by the United States District Court for

the Western District of Pennsylvania.  He contends that the District Court erred in adding

an Armed Career Criminal Act ("ACCA") enhancement to his sentence based upon four

earlier convictions.  Because he has not demonstrated plain error, we will affirm.

## I.     Background

Following a bench trial, the District Court found Black guilty of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), along with other offenses.[1]  At the sentencing hearing, and based on the Presentence Report ("PSR"), the Court found that Black had a criminal history including four prior felony convictions:  (1) Possession With Intent to Deliver a Controlled Substance; (2) Conspiracy in the Second Degree; (3) Trafficking in Cocaine; and (4) Possession of a Firearm During the Commission of a Felony. The Court thus imposed a fifteen-year enhancement under ACCA, 18 U.S.C. § 924(e), which mandates that a felon-in-possession who has three previous convictions for violent felonies or serious drug offenses "shall be imprisoned ... [for] not less than fifteen years."

Although Black raised no objection to the ACCA enhancement in the District Court, he now challenges his sentence on appeal.

---

[1] Black does not appeal any aspect of the sentence related to his two other convictions: Possession With Intent to Distribute a Quantity of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

**II. Discussion**[2]

While Black argues that his third and fourth prior convictions, as noted in the PSR, do not meet ACCA's standards to be predicate convictions, he effectively concedes that he cannot carry his burden under a plain error standard.

Again, to warrant an ACCA enhancement, a felon-in-possession must have a criminal history including at least three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e). Since the government acknowledges that Black's third conviction – despite being labeled "Trafficking in Cocaine" – is in fact neither a violent felony nor a serious drug offense[3] and therefore cannot be an ACCA predicate conviction, the only issue before us is whether his fourth conviction qualifies as an ACCA predicate. Black argues that his fourth conviction would not qualify as an ACCA predicate conviction if he had pled guilty to possessing a gun while committing the crime of "*simple possession* of a controlled substance." (Appellant's Opening Br. at 8.) However, as Black properly admits, when a defendant fails to raise such an argument before a district court and thus fails to preserve it, "the burden is on the defendant" to

---

[2] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Since Black did not make an argument to the District Court regarding the applicability of ACCA, we review his challenge to the sentence for plain error only. *See, e.g.*, *United States v. Turlington*, 696 F.3d 425, 427 (3d Cir. 2012).

[3] The Delaware statute that, in that particular instance, Black was convicted of violating, 16 Del. Code § 4753A, "does not contain an element or presumption of trafficking," as it subsumes the lesser-included offense of possession. *Gerbier v. Holmes*, 280 F.3d 297, 299 (3d Cir. 2002).

3

establish the factual bases for the argument.  (Appellant's Reply Br. at 5.)  Black is unable to do so here.  While he contends that he may have pled to a lesser offense in his fourth conviction, he concedes that his efforts to confirm his theory by locating the notes or transcript from the plea hearing "have not borne fruit."  (Appellant's Reply Br. at 4.)  In short, "[w]ithout a transcript of the guilty plea hearing, defendant cannot meet his burden."  (*Id.* at 5.)

Without any grounds to remand for the evidentiary hearing that Black has requested, we must affirm.

## III.    Conclusion

Accordingly, we will affirm the sentence imposed by the District Court.